[No. 5233.]

## JONAS SPECT v. JOHN T. ARNOLD.

CONFLICT IN EVIDENCE.—If the Marshal of a town seizes sheep as "running at large" within its limits, in violation of an ordinance, and, on the trial of an action to replevy them, testifies that there was a boy with the sheep, but he did not know what he was doing, while several persons testify that the boy was herding the sheep and had them under his control, there is not such a conflict in the evidence as will justify a Court in finding that the sheep were "running at large."

CONSTRUCTION OF AN ORDINANCE.—The ordinance of a town which authorizes the Marshal to seize sheep found running at large in its streets, does not justify the Marshal in seizing sheep which are being herded by a competent person and are under his control.

APPEAL from the District Court, Tenth Judicial District, County of Colusa.

Colusa was an incorporated town, and its Board of Trustees had adopted the following ordinance : " It shall be unlawful for any horses, mule, ass, sheep, goat, swine, or horned cattle to run at large in any of the streets, alleys, or public grounds within the incorporate limits of the Town of Colusa." The Marshal of the town was by the ordinance authorized to " arrest all stock found at large " in violation of the ordinance. On the 29th of November, 1875, he seized a band of sheep belonging to the plaintiff, as running at large, in violation of the ordinance.

This action was brought to recover possession of the sheep or their value. The Court rendered judgment in favor of the defendant. The plaintiff appealed. The other facts are stated in the opinion.

*A. L. Hart* and *S. T. Kirk,* for the Appellant.

*W. C. Belcher* and *W. F. Goad,* for the Respondent.

By the COURT:

In the sixth finding the Court finds that when the defendant arrested and impounded the sheep he found them running at large in the streets and alleys of the Town of Colusa. On the motion for a new trial this finding was attacked, on the ground that it was not justified by the evidence.

At the trial, the defendant, when testifying as a witness on his own behalf, stated that when he arrested the sheep some of them were in a street and alley, and the remainder on Block 103. There was no evidence in the cause tending to show that *all* the sheep arrested by the defendant were in the streets and alleys ; and, under the ordinances put in evidence at the trial, the defendant, as Town Marshal, had no authority to arrest those not found in the streets and alleys, unless they were found *running at large* within the corporate limits. When testifying as a witness, the defendant, on his examination-in-chief, stated in general terms that when he took the sheep he found them " in charge of no one, but running at large." But on cross-examination he stated that when he arrested the sheep he saw a little boy there,

but did not know what he was doing.   There was no other evidence tending to show that the sheep when arrested were running at large.   On the part of the plaintiff the testimony of several witnesses was to the effect that the boy was there for the express purpose of herding the sheep, and that he was competent for that purpose, and had the sheep under his control. If the sheep were being herded by a competent person, it is clear they were not running at large in the sense of the ordinance. On this state of the testimony, we think it cannot be fairly said that there was any substantial conflict in the evidence as to the fact that the sheep were not running at large, but were being sufficiently herded when arrested.

Judgment and order reversed, and cause remanded for a new trial.   Remittitur forthwith.