[No. 5533.]
## I. N. THOMPSON v. J. CORPSTEIN.

ESTRAY LAW.—It was intended by the Act of March 18th, 1874, (Statutes 1873–74, p. 453) concerning roads and highways in Santa Clara County, that its provisions should only extend to cattle "running at large" or "estray."

RUNNING AT LARGE—ESTRAY.—Cattle driven along a road in charge of a herder, and which, in passing, casually eat of the grass growing on the roadside, are not "estray" or "running at large," within the above act.

HERDING.—The fact that the herder accidentally falls asleep while attending to the cattle, does not cause the cattle to be "running at large" or "estray," within the above act.

FINDINGS.—In an action of replevin the Court must find upon the issue of value and damage.

FINAL JUDGMENT.—Where no finding is made on the issue of value and damage, this Court will not direct final judgment to be entered.

APPEAL from the District Court, Twentieth Judicial District, County of Santa Clara.

Plaintiff appeals.

*D. W. Herrington,* for Appellant.

*Moore, Lane & Lieb,* for Respondent.

The action is " claim and delivery" for certain cattle.

The defendant justified the taking and detention of the cattle, and claimed to recover of the plaintiff certain fees under the statutes of the State permitting and directing him, as Roadmaster of his district, to protect the public roads and highways from the pasturage of cattle; alleging that he found the cattle running at large, pasturing and grazing upon the public roads in his district, and took them up under the acts referred to in his answer—being Acts of the State Legislature for the protection of the public roads of Santa Clara County.

The case is fully presented by the opinion.

By the COURT:

In the statute of March, 1874, concerning roads and highways in the County of Santa Clara, (sec. 37) it is enacted that no stock of any kind shall be " allowed to pasture upon any

public highway, and it shall be the duty of all roadmasters and deputy roadmasters, within their respective districts, to take up all animals found pasturing upon the public highways, and to deal with said animals as provided in an act to amend an act concerning estrays and animals found running at large in the County of Santa Clara," etc.

Upon reference to the latter act, it will be seen that it is therein provided that the estray cattle, or cattle running at large upon any public road, may be taken and impounded.

It is apparent that both acts deal with the case of cattle running at large, or being estray, and not with cattle passing over and along a public road in charge of a herder, and not being upon the road for the purpose of being pastured there.

It was not the intention of the act that cattle being driven along the road in charge of a herder, and which, in passing, should casually eat of the grass growing at the roadside, should for that reason be subjected to proceedings by the road-master under the act first referred to. The Court below found that the plaintiff's cattle had been driven from the plaintiff's land to Wolf Creek upon the Stephen's Creek road for the purpose of being watered, and while there in charge of a herder, who seems to have fallen asleep for the moment, were found pasturing upon both sides of the road.

There is no pretense that the plaintiff or the herder intended that the cattle should pasture upon the road. That they were found eating the grass there was owing solely to the accident of the herder falling asleep for the moment, while in charge of the cattle. Had he fallen down in a fit, or been disabled by a sudden attack of disease, the same consequence might and probably would have ensued, but we do not think that in the one case, more than in the other, the cattle would be subject to proceedings under the act.

We are of opinion that the conclusion of law, second in number, deduced by the Court below, " that the plaintiff was pasturing, and permitting to pasture, the cattle referred to, upon said highways, when the same were seized by the defendant," cannot be supported upon the facts found at the trial.

The action is replevin, and the facts as to the value of the

cattle, and the damage, if any, sustained by the plaintiff, are put in issue by the pleadings, but are not determined by the findings. We cannot, for this reason, direct final judgment for the plaintiff here, but there must be a new trial of the action.

Judgment reversed, and cause remanded for a new trial.