| 53 | 457 |
|----|-----|
| 56 | 332 |
| 53 | 457 |
| 79 | 327 |
| 53 | 457 |
| 147 | 2292 |
| 53 | 457 |
| 154 | 660 |

## JOHN BERTWHISTLE v. SALMON M. GOODRICH.

*Replevin—Demand—" Running at large."*

1. Demand before bringing replevin is unnecessary where defendant's possession is wrongful.

2. Cattle in anybody's charge are not "running at large," and, if on the highway, they are not trespassing on the premises of the adjacent owner; and so in neither case is he warranted in impounding them.

3. The presence of cattle in the highway depasturing the herbage of adjacent owners is a grievance for which there may be a legal remedy: but it is not a nuisance that will warrant him in summarily impounding them on his premises.

Appeal from Ingham. (Gridley, J.) April 16.—April 23.

REPLEVIN. Defendant brings error. Affirmed.

*C. P. Black* and *F. L. Dodge* for appellant.

*S. L. Kilbourne* for appellee.

CHAMPLIN, J. Plaintiff brought replevin to recover possession of a herd of cattle which the defendant had driven from the public highway in front of his premises, into his

barn-yard, claiming that they had been there every day for a week or more, greatly to his discomfort and annoyance; also that they were at large in the highway, contrary to law; also that they were trespassing upon his premises, which authorized him to take them into his possession, under How. Stat. § 2108. It was admitted, on the trial, that this replevin suit was brought before any demand was made for the cattle, and that, if the defendant had the right to take them up in the first instance, his subsequent steps were regular and lawful. It was also admitted by counsel for plaintiff that the board of supervisors of Ingham county had passed a resolution prohibiting animals from running at large in the highways in the township where these cattle were taken up. The plaintiff's testimony, and that of his witnesses, showed that these cattle were in charge of a boy about thirteen years old; that they were being held in front of defendant's house by this boy; that when they passed by the boy went around them and drove them back, and made an effort to keep them in front of the defendant's house. The defendant, on the trial, contended that the cattle were at large within the meaning of the statute: if not, that they were trespassing upon his premises; and that, whatever might be the defendant's rights under the statute, the pasturing of the plaintiff's cattle in the highway, in front of the defendant's house, as shown by the defendant's testimony, amounted to a nuisance; and that the defendant's act in turning the cattle from the highway into his barn-yard was lawful, being the most direct means of abating the nuisance. The circuit judge held that the defendant had no standing in court; that, inasmuch as the boy was with the cattle, they were not at large in the highway; that if the trespassing of the cattle was annoying to the defendant, he was not authorized to turn them into his barn-yard, but could bring a suit for his damages. The court, therefore, directed a verdict for the plaintiff, to which the defendant excepted, and appeals to this Court.

The statute referred to provides that "It shall be the duty of the overseer of highways to seize and take into his custody and possession any animal forbidden to run at large,

which may be running at large in any highway of which he is overseer, contrary to the provision of the foregoing section, and it shall be lawful for any person to seize and take into his custody and possession any animal which may be in any public highway, and opposite the land owned or occupied by him, contrary to the provisions of the foregoing section ; and it shall be lawful for any person to take into his custody and possession any animal which may be trespassing upon premises owned or occupied by him." How. Stat. § 2108.

When cattle are in the public highway, in charge of a person directing or controlling their movements, they are not running at large within the meaning of the statute. The language applies to animals in the highway without being in the custody or under the control of any person ; consequently, the defendant had no right to impound the cattle in this case, as the record shows that they were being tended by the plaintiff's servant, and were in his custody.

It was said in *Campau v. Konan* 39 Mich. 365: "Upon principle the owner of lands adjoining the highway is entitled to the herbage growing thereon, and whatever rights the public may have in the highway, a common of pasture is not among them;" and, based upon this principle, defendant claims that plaintiff's cattle were trespassing upon his premises and therefore he had the right, under the last clause of the section cited, to take them into his custody and possession. This clause of the statute refers to trespasses upon premises other than the public highway, and was intended to afford a remedy for trespasses upon the private lands of owners or occupiers. To give to the statute the construction contended for by defendant would render the former clause, giving the adjoining owner the right to take such cattle as were running at large in the highway into his custody and possession, entirely unnecessary, and do away with the distinction which is plainly made by the statute between cattle running at large in the highway and cattle committing trespass upon private property. There is no doubt that defendant had a complete remedy at law for the acts of plaintiff in depasturing his herbage and grass in the highway ; but the summary

remedy provided by the statute for impounding them was not proper, under the facts of this case.

Neither do we think the defendant justified in taking the cattle into his possession under the claim that they constituted a nuisance. Where nuisances are created, to the injury or annoyance of the owner of real estate, the law affords ample remedies; and in some cases the person injured is justified in abating the nuisance by force; and in this case he probably would have been justified in using any appropriate means to drive the cattle away from his house; but there is nothing in the nature of the alleged nuisance which would authorize him to take possession of the cattle and confine them upon his premises. It follows that his possession was wrongful, and the plaintiff was not obliged to make demand before bringing replevin.

The judgment is affirmed.

The other Justices concurred.