JOHNSON v. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY.

**Railroads :** COLLISION WITH HORSE AND WAGON ON DEPOT GROUNDS : CODE, SECTION 1289. Code, section 1289, providing a remedy for animals killed on railways at places where the companies have the right to fence but fail to do so, and upon depot grounds by trains operated at a speed exceeding eight miles per hour, applies only to stock running at large, and not to the case of a horse killed while being driven across the track upon the grounds of a depot. ( Compare *Monahan v. Keokuk & Des M. Ry. Co.*, 45 Iowa, 523.)

*Appeal from Webster District Court.*—HON. S. M. WEAVER, Judge.

FILED, SEPTEMBER 8, 1888.

ACTION to recover damages for a horse killed and a wagon broken by a train on defendant's road, when being driven by plaintiff across defendant's tracks within the limits of the depot grounds. Trial by jury. Under direction of the court the jury rendered a verdict for defendant, and plaintiff appeals.

*Wright & Farrell*, for appellant.

*J. C. Cook*, for appellee.

SEEVERS, C. J.—The only ground of negligence stated in the petition is that defendant's train which caused the injury was being operated and run at a rate of speed exceeding eight miles an hour. It is provided by statute that any "corporation operating a railroad that fails to fence the same against live stock running at large, at all points where such right to fence exists, shall be liable to the owner of any stock injured or killed by reason of such want of fence, for the value of the property or damage caused, unless the same was caused by the wilful act of the owner or his agent; and in order to recover it shall only be necessary for the owner to prove the injury or destruction of his property: * * * provided, * * * the operating of trains upon depot grounds necessarily used by the company and public, where no such fence is built, at a greater rate of speed than eight miles an hour, shall be deemed negligence, and render the company liable, under this section." Code, sec. 1289. As the horse killed was not running at large, the material inquiry is whether the plaintiff was entitled to recover under this section. This inquiry must be answered in the negative. It seems to us that it is not possible to construe the statute otherwise. This is what the statute plainly says. The only liability under it is for stock injured or killed which is running at large. *Monahan v. Keokuk & Des M. Ry. Co.*, 45 Iowa, 523. As this view is in accord with the ruling of the district court, the result is that the judgment must be

AFFIRMED.