BEESON ET AL., BY NEXT FRIEND *v.* TICE.

[No. 2,081. Filed Dec. 1, 1896. Rehearing denied Feb. 18, 1897.]

ANIMALS.—*Running at Large.*—*Public Highway is Not a Public Common.*—*Statute Construed.*—Cattle pasturing on the public highway cannot be impounded under section 2833, Burns' R. S. 1894, which provides that "Whenever any animal shall be found running at large or pasturing upon any of the unenclosed lands or public commons of any township in any county in this State, etc., any person being a resident of said township shall be authorized to take up and impound said animal in a private or public pound within said township," as it cannot be held that a public highway is a common or an unenclosed piece of land. *pp. 80, 81.*

SAME.—*When Running at Large.*—*Statute Construed.*—Section 2838, Burns' R. S. 1894, making it the duty of all road supervisors "upon view or information, to cause all horses, mules, cattle, etc., running at large upon the roads, commons or unenclosed lands within their respective districts which are not authorized to run at large by order of the board of commissioners, as by law provided, to be impounded," etc., does not authorize the impounding of cattle pasturing on the public highway in charge of attendants, as such animals are not running at large when so attended. *pp. 81–83.*

SAME.—*Running at Large.*—*Statutes In Pari Materia Construed.*—Construing sections 2833 and 2838, Burns' R. S. 1894, together they would not prevent the pasturing of stock on the public highway if the stock at the time is in the care of some one and is not running at large, as the former section applies to commons or unenclosed lands and the latter section applies only to stock running at large. *p. 84.*

From the Hamilton Circuit Court. *Reversed.*

*John F. Neal* and *S. D. Stuart,* for appellants.

*Thomas J. Kane* and *Ralph K. Kane,* for appellee.

REINHARD, J.—On the 3d day of June, 1895, the appellants, Carl Beeson and Willis Beeson, both minors, were in charge of eleven milch cows, owned by different persons, who had intrusted the animals to their care under a contract made with them by which they were to herd the cows at a certain price per week for each head. The appellants, on the day named, and on other days prior thereto, were grazing the animals along the public highway leading out of the city of Noblesville, and on this occasion had proceeded but a short distance from said city, on their way, as appellants claim, to White river, for the purpose of watering said cows, when they were overtaken by the appellee, who was at the time the supervisor of roads of district No. 5, in which the animals were then found, and who took said animals away from the appellants and into his custody, claiming to do so in pursuance of his duty as such officer. The appellee thereupon impounded the animals and posted a notice that he had, as such officer, on the 3d day of June, 1895, "taken up the following described animals [being the cows mentioned], found running at large and pasturing upon the unenclosed lands and public commons of Noblesville township, Hamilton county, Indiana." On the 4th day of June, 1895, the appellants, by their next friend, instituted this action in replevin against the appellee, for the recovery of the possession of the cows.

The cause was tried by the court, without a jury, and there was a finding and judgment in favor of the appellee and against appellants for costs. The overruling of the appellants' motion for a new trial is the only error assigned.

There is no substantial conflict in the evidence. The facts heretofore set out are practically agreed upon, and the principal question made upon them is as to

their sufficiency to entitle the appellee to the judg-
ment from which this appeal is taken.

There was at the time no order of the county board
permitting cattle or other animals to run at large.
It would seem from the reading of the notice given by
the appellee that the animals were taken up by the
appellee by virtue of section 2833, Burns' R. S. 1894
(2639, Horner's R. S. 1896), which provides that
"Whenever any animal shall be found running at
large or pasturing upon any of the unenclosed lands
or public commons of any township in any county in
this state which shall not be specified in the order of
the board of commissioners of said county, as in the
preceding sections provided, to have the right to so
run at large or pasture thereon, any person being a
resident of said township shall be authorized to take
up and impound said animal in any private or public
pound within said township."

It will be observed that this section does not au-
thorize the road supervisor, as such, to take up the
animals, but it authorizes any resident of the town-
ship to do so. Perhaps the fact that the appellee in
this case was the road supervisor is sufficient evidence
to prove that he is also a resident of the township in
which the animals were taken up. The difficulty, how-
ever, of bringing the present case within the purview
of the section of the statute above quoted lies in the
fact that here the animals were not pasturing upon
the public commons or upon any unenclosed lands, for
it cannot be held that a public highway is a common
or an unenclosed piece of land. The International Dic-
tionary defines a common to be "an enclosed or unen-
closed tract of ground, for pasturage, for pleasure,
etc., the use of which belongs to the public or to a
number of persons."

Anderson's Law Dictionary gives it the definition: "The common field; ground set apart for public uses."

We must take judicial cognizance of the fact that a public road or highway is not a common. It is used by the public under the right of eminent domain, and outside of this the owner of the fee has the absolute dominion over the soil. He doubtless has the right of pasturage and other products growing in the soil of the untraveled portion of the road adjoining his lands, and may have a remedy against all persons trespassing upon these rights. But it is only by statutory enactments that a supervisor of highways or other person is authorized to take up stock pasturing in the highway, and it is to the statutes alone that the courts must look when called upon to declare such authority in favor of any person.

Indeed, it is not contended by the learned counsel for the appellee that the animals in charge of the appellants in this highway, were taken up by the appellee under and by virtue of the provisions of the section of the statute above set forth. What counsel do insist upon is, that section 2838, Burns' R. S. 1894 (2643a, Horner's R. S. 1896), renders it the duty of all road supervisors, "upon view or information, to cause all horses, mules, cattle," etc., "running at large upon the roads, commons or unenclosed lands, within their respective districts, which are not authorized to run at large by order of the board of commissioners, as by law provided, to be impounded," etc., and provides for a penalty for failure to comply with the act.

The section giving any resident of the township the authority to impound does not use the terms "roads, commons, or unenclosed lands," as does the section which makes it the duty of supervisors to take up such stock. There is, therefore, no provision in the law

which in express terms authorizes the impounding of animals found pasturing in the public highways. It follows, we think, that unless the cows were "running at large," within the meaning of the section which requires the road supervisor to impound such animals, they could not be lawfully taken up by the appellee.

We have not been able to find any construction of the term "running at large" by the courts of our own State, and counsel have not called our attention to any such.

In Anderson's Law Dictionary the term "running at large" is defined as follows: "To stroll without restraint or confinement; as for an animal to run at large." Under the head of "at large" he defines the latter words to mean: "Unconfined, unrestrained, in the free exercise of natural freedom or propensities, as an animal suffered to run at large."

Under a simliar statute the Supreme Court of Michigan has decided that a herd of cattle in a highway in charge of a boy thirteen years old, which had been there every day for a week or more, were not at large within the meaning of the statute. The court said: "When cattle are in the public highway, in charge of a person directing or controlling their movements, they are not running at large within the meaning of the statute. The language applies to animals in the highway without being in the custody or under the control of any person; consequently, the defendant had no right to impound the cattle in this case, as the record shows that they were being tended by the plaintiff's servant, and were in his custody." *Bertwhistle* v. *Goodrich*, 53 Mich. 457, 19 N. W. 143.

In a case of trespass for shooting a dog, it was claimed that the defendant had a right to shoot the dog by virtue of a statute of Vermont, which permitted such shooting of dogs running at large. It was

shown that the dog was in charge of his master, and was pursuing a fox when shot by the defendant. It was held that the dog was not running at large within the meaning of the statute. *Wright* v. *Clark*, 50 Vt. 130, 28 Am. Rep. 496.

In a California case it was held that cattle driven along a road in charge of a herder, and which in passing casually eat of the grass growing on the road side, are not "astray" or "running at large," within the meaning of a statute forbidding cattle or stock to run at large upon any public highway. *Thompson* v. *Corpstein*, 52 Cal. 653. See, also, *Russell* v. *Cone*, 46 Vt. 600.

The California statute also forbids the pasturing of cattle in the highways. The case above cited declares that driving stock along the road and permitting them casually to eat some of the grass growing therein is not such pasturing as the statute contemplates. Doubtless, if out statute made such pasturing unlawful and a cause for taking them up by the supervisor, the appellee would have been justified in his act of impounding them, but as we have seen the statute makes no such provision. Here the cows were actually pasturing in the road, as we must assume, and if this were a cause for taking them up, the case would be made out. But the statute under which the animals were taken into custody by the appellee, applies only to animals running at large. Under the authorities cited they cannot be said to be running at large when in charge of one or more attendants, as the animals were in the case before us.

It may seem difficult to undestand why the supervisor should not have as much authority for impounding stock which is being pastured in the public highways, as a private citizen has to take up animals found pasturing upon the public commons. But it does not appear that the legislature has conferred

such power upon a road supervisor, or other person, and it is not our province to read such authority into the statute. The remedy must be sought in appropriate legislation. The evidence is insufficient to support the finding and the motion for a new trial should have been sustained.

Judgment reversed.

ON PETITION FOR REHEARING.

ROBINSON, J.—It is urged by appellee's counsel that the court erred in its opinion in this cause in not construing sections 2833 and 2838, Burns' R. S. 1894, together as in *pari materia*. Section 2838, *supra*, does not provide for taking up animals found pasturing on the roads, commons, etc., but only for taking up animals found running at large upon such roads or commons. The opinion very clearly states what the words "running at large" mean in these statutes. Neither of the above statutes prohibits the pasturing of stock upon a road or public highway if the stock at the time is in the care of some one and is not running at large. In this case the stock was not running at large upon a highway, but was pasturing upon a highway while in care of the owner, so that it could not be taken up either under section 2833, or 2838, *supra*.

The petition for a rehearing is overruled.