GEORGE R. STREVER v. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

**Stock Killing:** LIABILITY: *Prejudicial error.* An instruction which allows a recovery for the killing of cattle on unfenced depot grounds, by a train running faster than eight miles an hour, is erroneous because it failed to require that the cattle injured should be "running at large" (Code, 1873, section 1289,) and prejudice will be presumed from such error in the absence of a showing that the verdict was based on other grounds of negligence.

*Appeal from Hamilton District Court.*—HON. D. R. HINDMAN, Judge.

WEDNESDAY, OCTOBER 5, 1898.

THE petition is in four counts, in the first three of which damages are sought because of fires set out or caused by

defendant's locomotives. In the fourth count recovery is sought for cattle killed and injured on one of defendant's depot grounds by one of its trains, negligence being charged in the operation of the train. There was a recovery on each of the four counts, the general verdict being for plaintiff in the sum of one hundred and seventy-five dollars and ninety-one cents. From the judgment the defendant appealed.—*Reversed.*

*Hubbard, Dawley & Wheeler* for appellant.

*A. N. Boeye* for appellee.

GRANGER, J.—On this appeal, no question is made as to the recovery on the first three counts of the petition. As said in the statement of the case, the cattle were injured on one of the defendant's depot grounds, and the negligence charged is that the train was being run at a rate of speed exceeding eight miles an hour, and also a failure to ring the bell and sound the whistle as by law required. It may be conceded that the averments of the petition are such that a recovery might be had because of the negligence charged in either respect upon sufficient proof, and the court so charged the jury. Upon the issue of the right of plaintiff to recover because of negligence in operating the train at an unlawful rate of speed the court gave the following instruction: "It is the law of this state that the operating of trains upon depot grounds necessarily used by the company, and public, where the railroad has not fenced its track, at a greater rate of speed than eight miles per hour, shall be deemed negligence; and it is for you to determine, from the evidence, whether or not the crossing at the alleged place of injury to the cattle was upon the defendant's depot grounds necessarily used by the defendant and the public; also whether or not defendant's track at that point was fenced, and whether or not the defendant's train that ran into plaintiff's cattle was then running at a greater rate of speed than eight miles an hour." The complaint as to the instruction is that it does not appear

that the cattle when, injured, were running at large.  While
there is a slight contention, in argument, as to the fact, it
may be set at rest by a statement that it affirmatively appears
that the cattle were not running at large, but were being
driven by, and under control of, a son of plaintiff.  A recovery
for such negligence must be under section 1289, Code 1873,
which makes the act of running trains at a speed exceeding
eight miles per hour, through depot grounds, negligence, and
renders the company liable, under the section, for live stock
running at large.  The section, in respect to liability for
excessive speed of trains, has been construed by this court, and
liability limited to stock running at large.  See *Cohoon v.
Railway Co.*, 90 Iowa, 169; *Johnson v. Railway Co.*, 75
Iowa, 157.  The legal proposition is, by the cases cited, so
conclusively settled that comment is unnecessary.  It follows
that the instruction is erroneous.

It is said, however, that the error is without prejudice
because of a right of recovery under the other averments of
the petition.  This leads to a consideration of what presump-
tions follow an erroneous instruction.  With the error estab-
lished, the rule is to regard it as prejudicial.  In *Reynolds v.
City of Keokuk,* 72 Iowa, 371, it is said:  "The rule is that,
where there is an error, a presumption of prejudice arises
which cannot be disregarded, unless the record discloses
affirmatively, and the court is satisfied, that the error was
not prejudicial."  To the same effect, see *Hall v. Railway Co.,*
84 Iowa, .311, and cases there cited.  The evidence in the
case would, unmistakably, sustain a finding that the speed of
the train exceeded eight miles per hour, and, with that fact
found, the instruction conclusively gave to plaintiff a right of
recovery because of such negligence, notwithstanding the
cattle were not running at large.  Such a recovery would be,
of course, unwarranted, and it is as presumable as a recovery
upon any other ground.  To say, under the rule, that the
instruction is not prejudicial, it must affirmatively appear
that the verdict was based on other grounds of negligence.

Such a conclusion is not deducible from the record. Because of this error the judgment must be REVERSED.