## JEFFRIES *v.* STATE.

Opinion delivered February 19, 1912.

1. LARCENY—UNBRANDED CATTLE RUNNING AT LARGE.—Under Kirby's Digest, section 1898, providing that owners of cattle which run at large in the range or woods shall designate such animals, if over twelve months old, by brands or earmarks, otherwise a person who converts them to his use will not be guilty of larceny, a milch cow over twelve months old and neither branded nor ear marked may be subject of larceny, though she is permitted to feed on the range every day, if she returns each night to the home of her owner. (Page 375.)

2. STATUTES—CONSTRUCTION—LETTER OR SPIRIT.—Where matters within the letter of a statute are not within its spirit, a construction which excludes them is not a substitution of the will of the judge for that of the Legislature. (Page 376.)

Appeal from Monroe Circuit Court; *Eugene Lankford,* Judge; affirmed.

*Thomas & Lee,* for appellant.

1. It is not larceny to convert or take a cow over one year old and not marked or branded, and running at large in the range, etc. Kirby's Digest, § 1898; 37 Ark. 54; 24 *Id.* 480; 60 *Id.* 59.

2. "At large" and "running at large" have a well-defined meaning. 28 Ia, 491, 497; 15 N. W. 286; 73 Ia, 723; 1 Words & Phrases, 605. "Range" and "cattle range" have been judicially defined. 59 N. W. 227.

*Hal L. Norwood,* Attorney General, and *Wm. H. Rector,* Assistant, for appellee.

The cow was not running at large in the range or woods. Kirby's Digest, § 1898; 60 Ark. 59.

FRAUENTHAL, J. This is an appeal from a judgment convicting the defendant of the crime of grand larceny based upon an indictment charging him with stealing a cow, the property of one Ella Pool. He seeks to reverse the judgment upon the grounds, (1) that there is not sufficient legal testimony to

sustain the verdict of guilty returned by the jury, and (2) that the court erred in giving certain instructions to the jury. The testimony on behalf of the prosecution tended to prove the following facts: Ella Pool was the owner of the cow alleged to have been stolen, and resided about one-half mile from the city of Clarendon. The cow was a milk cow, and about three years old. She had owned the cow for some time, and milked her each morning and evening. After milking her in the morning, she would turn the cow out, and each evening the cow would return to her home, where she was again milked and remained during the night. The cow had a young calf, which was kept at the home of Ella Pool during the time that the cow was out. In order that the cow should not stray into the city limits, the owner drove her each day about two miles away from the city to a point known as Martin branch, where she roamed and fed. This place was a creek bottom leading to the bottom lands of White River, and was covered with woods. Here the cow ranged and fed during the day, returning each evening along the public highway to Ella Pool's home. On the afternoon of April 4, the defendant and one Will Jordan drove this cow from from a place near Martin branch, where she was feeding, and sold her to a butcher for $15. We are of the opinion that there was sufficient evidence to warrant the jury in finding that the defendant was guilty of stealing this cow if it was a subject of larceny. The uncontroverted evidence shows that the cow was over the age of twelve months, and was unmarked and unbranded. The court, in the instructions which it gave to the jury, defined the crime of larceny and also instructed them that "owners of cattle, hogs and sheep, which run at large in the range or woods, shall designate such animals, if over twelve months old, by brands or earmarks; otherwise, if taken or converted to the use of any other person, such person shall not be deemed guilty of larceny, but the owner may have his action for the value of such unmarked or unbranded animal." The court further said: "This is a good and valid statute, but it was not passed for the purpose of protecting any one in stealing cattle which are not on the range or where one knows the owner of them." Objection being made to this last statement, the court further said: If you believe from the testimony that the cow was running on the range or in the woods as a range cow,

unmarked and over the age of twelve months, then the defendant would not be guilty of larceny; but if you find she was coming up regularly and just going out to get something to eat, and defendant knew the owner of the cow and stole her, he would be guilty. The question is with you as to whether or not the cow was running on the range or in the woods, within the meaning of this law."

By section 1898 of Kirby's Digest it is provided: "Owners of cattle, hogs or sheep which run at large in the range or woods shall designate such animals, if over twelve months old, by brands or earmarks; otherwise, if taken or converted to the use of any other person, such person shall not be deemed guilty of larceny, but the owner may have his action for the value of such unmarked or unbranded animals." This statute was enacted in 1834, and amended in 1868, and has not been repealed by any subsequent legislation. *Thompson* v. *State*, 60 Ark. 59. It has been held that by virtue of this statute the animals therein designated running at large in the range or woods and not branded or marked as therein required are not the subject of larceny. *Matthews* v. *State*, 24 Ark. 484; *Perry* v. *State*, 37 Ark. 54. According to the undisputed testimony, as above stated, this cow was more than twelve months old, and it was neither marked nor branded. The question, therefore, involved in this case for determination is whether or not, under the testimony adduced upon the trial of this case, the cow was running at large in the range or woods within the meaning of the above statute. It is commonly understood that a range is a sparsely populated and uninclosed tract of land over which stock and cattle are permitted to roam and feed without restraint; and likewise the expression "in the woods," as used in this statute, refers to uninclosed and unpopulated woodland. But, before it can be held that the animals mentioned in this statute are not the subject of larceny, it is necessary, not only to show that they were running in the range or in the woods, but it is also essential to prove that they were running at large. Stock running at large are animals which roam and feed at will, and which are not under the control or direction of any one. Where such animals, though left to their free movements, are still subject to the control and restraint of their owner, they are not running at large within the meaning of this statute. This restraint

exercised by the owner over such stock or cattle need not be entirely of a physical nature; that is to say, the animal need not be confined in an inclosure or held by a halter. The restraint may depend upon the habits, training and instincts of the animal in the particular case; and the sufficiency of such restraint will be determined from the effect of such habits, training and domestication of the animal and their controlling and restraining influence over it. *Elliott* v. *Kitchens*, (Ala.) 33 L. R. A. 364; *Keeney* v. *O. R. & N. Co.*, 19 Ore. 291. If the movements of the stock or cattle are controlled by the owner who is present, or, if such owner is absent, then by the habits and training of such animal, so that, although such animal remains for a time in the woods or on the range, yet by reason of such habits and training it returns each day to the home of its owner, then it can not be said that its movements are so urestrained that the animal is running at large within the meaning of this statute. *Bertwhistle* v. *Goodrich*, 53 Mich. 457; *Beeson* v. *Tice*, 17 Ind. App. 78. There are ordinances enacted by cities prohibiting stock and cattle from running at large within the limits of such municipalities; the object of such enactments is to prevent the injury and depredations which may be committed by such animals. Such animals would, therefore, be running at large if roaming at will within the city limits and not under the immediate control or restraint of some one. *McKenzie* v. *Newton*, 89 Ark. 564. But the manifest purpose of the statute in question is to declare those animals only not the subject of larceny which, being uncontrolled or unrestrained, roam at will on the range or in the woods for a long period, that is to say, for weeks or months, so that it would not or could not be known who was the owner thereof; but where the animal is domestic in its nature, like a milch cow, and it is permitted to go from the home of the owner only for a short distance and for a short period of time, as for a day, in order to roam and feed upon the commons or on the range or in the woods, and, by reason of its habits and training as in the case of a milch cow, returns each day to the home of its owner, then such animal does not run at large within the meaning of this statute. Such animal is still the subject of larceny, although over twelve months old and unmarked and unbranded.

As was said in the case of *Holy Trinity Church* v. *United States*,

143 U. S. 457: "It is a familiar rule that a thing may be within the letter of the statute, and yet not within the statute, because not within its spirit nor within the intention of its makers. This has been often asserted, and the reports are full of cases illustrating its application. This is not the substitution of the will of the judge for that of the Legislature, for frequently words of general meaning are used in a statute—words broad enough to include an act in question, and yet a consideration of the whole legislation or of the circumstances surrounding its enactment, or of the absurd results which follow from giving such broad meaning to the words, makes it unreasonable to believe that the Legislature intended to include the particular act."

Under the uncontroverted testimony adduced in this case, we are of the opinion that the cow alleged to have been stolen was not running at large, and was the subject of larceny. Therefore, the court did not err in the above instructions given by it to the jury. There being sufficient evidence to warrant the jury in finding that the defendant was guilty of the larceny of this cow, the judgment is affirmed.