## 12966. CLARK *v.* THE STATE.

BROYLES, C. J. 1. The ground of the motion for a new trial which complains of the repelling of certain testimony offered by the movant cannot be considered, as it is defective, for the reason that it would require this court to examine the brief of evidence to determine whether the evidence rejected was material.

2. A ground of the motion for a new trial complains of the action of the court in permitting the prosecuting attorney to make certain alleged improper remarks in his argument to the jury. While the ground states that on account of such remarks a motion for a mistrial was made and overruled, *error is not assigned upon the judgment overruling the motion*, but the only error assigned in the ground is upon the action of the court " in permitting the solicitor of the city court of Greenville to make " the alleged improper remarks. Moreover, the note of the trial judge shows that he in effect rebuked the solicitor for making the improper remarks, and specifically instructed the jury not to consider them in making up their verdict. In view of these facts there is no merit in this ground.

3. Exception is taken to the following excerpt from the charge of the court: " If it has been shown to your satisfaction beyond a reasonable doubt that Albert Clark, the defendant here on trial, sold corn whisky in this county as alleged in the indictment, then the defendant would be guilty, and the burden would then be on him to show you that he is not guilty." In the sentence quoted the last clause, to wit, " and the burden would then be on him to show you that he is not guilty," was erroneous and should have been omitted, but the error was prejudicial to the State and not to the defendant. The excerpt was not erroneous for any reason assigned.

4. In defining a reasonable doubt the court charged that it was the doubt of a reasonable man, a doubt " that grows out of the evidence, or want of evidence, or circumstances of the case." This charge was not subject to the exception that it excluded from the jury any consideration of the defendant's statement, in their passing upon the question of a reasonable doubt, the court having properly instructed the jury as to the weight which might be given to the defendant's statement. *Harris*

v. *State*, 136 *Ga.* 107 (3) (70 S. E. 952); *Sheffield* v. *State*, 15 *Ga. App.* 514 (2) (83 S. E. 871), and citations.

5. The verdict was authorized by the evidence, and, having been approved by the trial judge, this court is without authority to interfere with it.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED DECEMBER 14, 1921.

Accusation of sale of liquor; from city court of Greenville — Judge McGraw. October 8, 1921.

*N. F. Culpepper,* for plaintiff in error.

*J. F. Hatchett, solicitor,* contra.