WALKER *v.* DICKERSON.

(Division B. Nov. 21, 1938.)

[184 So. 438. No. 33395.]

Edwards & Edwards, of Mendenhall, for appellant.

**Ovie L. Berry,** of Mendenhall, and **Martin & Farr,** of Prentiss, for appellee.

McGehee, J., delivered the opinion of the court.

On appeal from a judgment for $100 recovered by appellee on verdict of a jury rendered in a justice of the peace court of Simpson county, a like judgment was recovered in the circuit court. The judgment was for damages caused by a fatal injury to a mule by an automobile driven by appellant while passing the farm home of appellee one evening shortly after dark. The automobile was traveling with only one light in violation of Section 5575 of the Code of 1930, and the proof of which fact established a prima facie case of negligence, which might have been rebutted however by evidence showing that the violation of the statute did not proximately cause or contribute to the injury and damage complained of. On the issue of whether the automobile was being negligently operated as to its rate of speed and the care exercised by the driver the proof disclosed that appellee immediately before the accident had turned a pair of mules out at his pasture gate adjacent to the public highway in order that they might cross over to the barn lot on the other side. According to the evidence on behalf of appellee they could be seen in front of this gate for a distance of at least seventy-five yards by a person approaching in an automobile. On behalf of appellant it was shown that he saw one of the mules cross the highway, which caused a dust to be raised, but that he did not see the mule in question until it was too late to avoid the accident. It appears that this mule became frightened at the automobile and turned down the highway ahead where the automobile struck it and broke its legs to such an extent that it was necessary for it to be killed.

A negro who was in the automobile with the appellant saw both of the mules. It will thus be seen that it was a question for the jury as to whether the operation of the automobile with only one light interfered with the appellant seeing the mule in time to avoid the accident by the exercise of due care, and as to whether under all the facts and circumstances the automobile was otherwise negligently operated. Harper v. Wilson, 163 Miss. 199, 140 So. 693.

We need not say more, except to answer the contention urged here that the mule was a trespasser on the highway at the time of the accident. A few words in defense of the charge made against the mule might be appropriate here in order to make it clear that mules or other livestock do not become trespassers in the sense of imposing on automobile drivers only the duty of not wilfully or wantonly injuring them when they undertake to cross a highway under the circumstances shown in this case. If it may be conceded that the mule in question had a right to be in the pasture by day and in the barn by night when not otherwise employed, as compensation in return for his labors on a farm, it would be difficult to surmise as to how he could enjoy this privilege without crossing the highway where it is being maintained between these two places by the State in exercise of its sovereignty and right of eminent domain to locate and establish highways.

Instructions most favorable to the appellant were granted on the trial, and the jury was erroneously instructed, as a matter of law, that the appellee was negligent in driving the mules across the highway. The jury evidently took a contrary view, and since the instruction was incorrect there was no error committed by the failure to follow it. This interpretation of the law would deprive those living along the public highways of the reasonable use and control of their property. The provisions of neither a statewide nor a local stock law are intended to be applicable in a case where an animal is

under the control or guidance of the owner when traveling along or across a public highway.

The evidence justified the court below in submitting the issue of negligence of appellant to the jury, and its verdict should be upheld.

Affirmed.