## 36008. DRAFFIN *v.* MASSEY.

DECIDED JANUARY 20, 1956—REHEARING DENIED FEBRUARY 3, 1956.

330

*DeLoache, Gibson & Gardner, Forester & Calhoun,* for plaintiff in error.

*Cain & Smith, Alexander, Vann & Lilly,* contra.

TOWNSEND, J. ■ The facts of this case are largely undisputed. The plaintiff's husband, with another, crossed the highway from his house and barn to look after the cattle which were enclosed on the west side of the road, he having the intention of taking the cow across to his barn to be milked, that while the other man was a short distance away and he was standing near the road with 3 grandchildren the cow started to cross the highway toward the barn; that the defendant and the persons in her car first saw the cow when the automobile was about 150 feet down the road; that she was traveling between 50 and 60 miles an hour and the cow, when seen, was either standing or walking very slowly; that the road was straight and almost level for a half mile to a mile south of this point; that when the defendant saw the cow 150 feet away

she slammed on her brakes and the car skidded and, according to her testimony, her attention from then on was devoted to keeping it from overturning; that the automobile traveled across the center line and left side of the road; left the pavement, traveling 133 feet on the pavement and 66 feet on the dirt, hit a tree, traveled another 25 feet and hit another tree and came to rest. In the course of this action it also crossed a ditch and ran over the plaintiff's husband, who had attempted to run out of the way and was, at the moment of impact, located 19 or 20 feet from the highway on the west side of the road and beyond the ditch. The cow was not struck.

Under these circumstances it was no error, as contended in the first special ground of the amended motion for a new trial, for the court to fail to charge substantially the following principle of law: "The laws of this State recognize a doctrine which is known as the doctrine of the last clear chance. This doctrine means that even though a person's own acts may have placed him in a position of peril, yet if another acts or omits to act with knowledge of the peril and injuries result, the injured person would be entitled to recover." Such a charge would not have been adjusted to the pleadings or evidence in the case. A man standing across a ditch 20 feet from a highway is not in a "position of peril" so long as an automobile remains upon the highway, and the evidence here shows that the car did not leave the highway until after it had skidded and almost upset due to the manner in which the brakes were applied, and that after this occurred the plaintiff had no control over the car, so that, as it bounced over the ditch and upon him she was not "acting or omitting to act with knowledge of his peril" in a voluntary manner. It is not contended that under the circumstances as they actually existed after the car left the road the defendant ran over the plaintiff's husband when by the exercise of ordinary care she could have avoided him, but rather that she was guilty of the lack of ordinary care in the manner in which she drove while approaching the cow, in which she applied her brakes, and in which she lost control of its operation. There is no merit in this assignment of error.

■ Special ground 7 assigns error on the refusal to admit in evidence an accident report prepared by the sheriff in the course of his duties on the following day and which was based on memo-

randa made during his inspection of the premises shortly after the collision. This ground is without merit. The sheriff testified as to all the pertinent facts found by him, and did so after refreshing his recollection by examining the report. His testimony was the best evidence as to what he found. Code § 38-203. There was no contention that the contents of the report contradicted the testimony of the witness, or that the defendant was present when the report was made and agreed to its correctness. *Southern Railway Company* v. *Cowan*, 52 *Ga. App.* 360, 368 (5) (183 S. E. 331). The report had not even the authenticity of notes made at the time of the inspection, since it was made later, and it was irrelevant to the issue, that being not what the report showed, but·what the facts of the event were.

Error is assigned in special grounds 5 and 8 on the admission in evidence of documents showing that Grady County, where the homicide occurred, had adopted the stock law making it illegal to allow cows to run at large beyond the limits of the lands of their owner or manager, and on an excerpt from the charge so instructing the jury. To drive or transfer such an animal from an enclosure on the lands of the owner on one side of the road to an enclosure on the land of the owner on the other side of the road, the animal being in the custody of a competent person, is not permitting the animal to "run at large" within the meaning of this statute. See Bertram *v*. Burton, 129 Kan. 31 (281 Pac. 892); Spect *v*. Arnold, 52 Cal. 455; Johnson *v*. Chicago & N. W. .Ry. Co., 75 Iowa 157 (39 N. W. 242); Bertwhistle *v*. Goodrich, 53 Mich. 457 (19 N. W. 143); Beeson *v*. Tice, 17 Ind. App. 78 (45 N. E. 612); Stevens *v*. Mrs. E. D. Burguieres Planting Co., 120 La. 767 (45 So. 601); Lackey *v*. Peterson, 161 Minn. 315 (201 N. W. 428); Farkas *v*. Halliwell, 136 Conn. 440 (72 Atl. 2d 648); Walker *v*. Dickerson, 183 Miss. 642 (184 So. 438). The undisputed evidence was that the cow was in the custody of the plaintiff's husband for the purpose of being taken to the barn to be milked at the time, and that it was not running at large. A farmer has the same right to the use of the highways of this State, whether on foot or in a motor vehicle, as any other citizen, and this includes the right to cross the highway to reach his lands on the other side thereof, and to herd his livestock from one place to another in the same manner, provided he does not permit them

to run at large. The evidence that such was the case here is undisputed. Accordingly, there was no issue in the case as to whether or not the decedent was permitting his cow to run at large, and the evidence and charge here complained of, which might well have caused the jury to conclude that he was guilty of negligence in violation of statute such as to preclude recovery on the part of his widow, was error which requires reversal.

This ruling is not changed by the fact that the plaintiff originally pleaded that "there were several cattle on or near said highway," which pleading, although stricken from the petition, was introduced in evidence, since such pleading would not constitute an admission that the cattle on or near the highway belonged to the decedent or that they were running at large. Nor is it changed by the statement in *Atlanta & West Point R.* v. *Hudson,* 2 *Ga. App.* 352, 355 (58 S. E. 500) as follows: "The existence of the stock law may be a pertinent fact to be considered by the jury along with other facts and circumstances in determining the question of the exercise of ordinary and reasonable care and diligence in guarding against killing stock by the running of trains." Such rule would not be applicable where the cows were not in fact running at large and accordingly no issue was raised as to the violation of such law, as it was in the *Hudson* case.

It is urged by the defendant in error that these grounds should not be considered by this court for the reason that the assignments of error are insufficient, there being no pleadings or evidence set out within said grounds to show that any livestock were involved in the case. Objection was made to the introduction of the evidence on the ground that "there was no evidence of any violation of the stock law." The documentary evidence on the admission of which complaint was made was attached as an exhibit to this special ground. The rule is that a special ground of an amended motion for a new trial should be complete within itself, so that the court is not forced to refer to other parts of the record, including the brief of evidence, to determine whether the admission or rejection of the evidence is so material as to constitute reversible error. *Stanford* v. *State,* 153 *Ga.* 219 (2) (112 S. E. 130); *Clark* v. *State,* 27 *Ga. App.* 803 (1) (109 S. E. 927). When it is contended in the special ground that the admission of certain documentary evidence, in this case a local option pro-

ceeding adopting the provisions of a statute, is inadmissible because there is "no evidence" of a violation thereof, it would not be of any service to the court to attach an entire brief of evidence to such special ground, and in no other way could it be conclusively shown within the ground itself that there was "no evidence" within the record as to the question at issue. The evidence objected to being attached as an exhibit, this ground at least is sufficient, and ground 8, since it raises the identical question as ground 5, has been dealt with in connection therewith.

■ Where a photograph, taken some length of time after a transaction, is introduced in evidence, there should be testimony that the facts therein appearing are a true likeness of the same scene as of the time of the transaction. It is unnecessary to pass on the assignment of error in special ground 6 regarding whether or not the proper foundation was laid for the introduction of certain photographs, as this precise situation will probably not recur.

The trial court erred in denying the motion for a new trial.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*