63429. BROWN v. BARNES.

BIRDSONG, Judge.

This case involves an automobile collision which occurred when the appellee's vehicle ran a stop sign which the appellee contended she did not see because the sign was hidden from her view by a large truck parked at the roadside. The jury returned a verdict for the appellee, who was the defendant below. The plaintiff Johnny D. Brown appeals. *Held:*

1. Appellant Brown contends the trial court erred in denying her motion for directed verdict and motion for jnov, because the appellee's failure to stop at the stop sign constituted negligence per se, as a violation of law for which ignorance is no defense.

The trial court did not err in refusing to direct a verdict for the appellant. If the stop sign was not visible to the appellee because of an obstruction, as she contended and as the jury apparently believed, she could not have been negligent in failing to obey it. Failure to stop at the stop sign establishes, prima facie, negligence per se in the absence of a valid defense; but where the appellee produced evidence that her failure to stop at the stop sign was not the result of any failure to exercise ordinary care but was caused by some factor other than her own carelessness, then a directed verdict based upon negligence per se is not demanded. See *Johnson v. McAfee,* 151 Ga. App. 774, 775 (261 SE2d 708); *Atlantic C. L. R. Co. v. Clements,* 92 Ga. App. 451, 457-458 (88 SE2d 809); Code Ann. § 81A-150. Moreover, it is not correct, as appellant contends, that appellant had the absolute right-of-way and exclusive control of the intersection. The jury in this case could have found the appellant contributorially negligent. Appellant had the *apparent* right-of-way and control of the intersection, but "this did not relieve [her] of the duty to operate

[her] vehicle at a safe and prudent speed and take all necessary appropriate measures to avoid a collision." *Andrews v. Buckner,* 143 Ga. App. 862, 867 (240 SE2d 266). This last proposition was a conclusion in a case where a red light traffic control signal malfunctioned; we held there that the defendant who "ran" this malfunctioning red light was not negligent per se, and we see no significant difference to liability between that case and one such as this where the defendant ran a stop sign which through no fault of her own she could not know existed.

2. The trial court did not err in admitting photographs which the appellant contends were not properly identified and did not accurately depict the scene of the collision.

These photographs admittedly were taken a year after the accident by an unknown photographer whom the appellee did not even know; they purport to show a view of the rather cluttered city intersection as approached by the appellee in the collision. A large truck parked on the right-hand roadside obscures the view of any stop sign. While ordinarily such evidence ought to be received cautiously admission in this case was not reversible error. The appellee identified the photographs as depicting the intersection where the collision occurred, and testified that the truck in the picture was parked in the approximate position that the truck which obscured her vision of the stop sign, and that the truck in the picture was similar to the one actually parked on the street at the time of the collision, and that the pictures showed essentially the same view of the intersection as she had on that day. These photographs were admissible. See *Johnston v. State,* 232 Ga. 268, 271 (206 SE2d 468); *Draffin v. Massey,* 93 Ga. App. 329, 334 (92 SE2d 38); *Atlantic C. L. R. Co. v. Clements,* supra, headnote (4); *Evans v. State,* 70 Ga. App. 500 (28 SE2d 671).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED APRIL 19, 1982 —
REHEARING DENIED MAY 19, 1982 —

*Kenneth H. Cail,* for appellant.
*William H. Pinson, Jr.,* for appellee.