## SUSSMAN, WORMSER & CO. *v.* SEA FOOD CO.

### [94 South. 795, No. 22948.]

NEW TRIAL. *May be granted on issue of damages alone.* ·

A judgment for plaintiff on the issues of liability and damage is not an entirety and therefore indivisible; such judgment is founded on two separate and distinct issues—liability and the amount of recovery —and a new trial should be granted in a proper case on the issue of damages alone, the judgment as to liability being permitted to stand; and the circuit courts, as well as the supreme court, have the · power to grant such new trials, the power of the former in that respect being coextensive with the power of the latter.

APPEAL from circuit court of Harrison county.

HON. D. M. GRAHAM, Judge.

Action by Sussman, Wormser & Co. against Sea Food Company. From the judgment rendered, plaintiffs appeal. Reversed and remanded for new trial on question of damages alone.

*Rushing & Guice,* for appellant.

The law of this case was decided by your honors on the former appeal and a very clear, concise and full opinion rendered. On the second trial a much stronger case was presented to the court below as in addition to the evidence introduced at the former trial the plaintiff introduced the secretary of the Oyster Commission, one W. J. Grant, who showed by the records of the Commission the large number of oysters packed by the defendant during the time the contract with the plaintiff should have been filed. Any error in this respect however was cured by the verdict of the jury.

The sole and only question presented by this appeal is the question of the amount of the damage the plaintiff should recover. Testimony of B. O. Gunn, a witness pro-

duced on behalf of defendant Gunn testified, five ounce oysters, one dollar and thirty cents per dozen; ten ounce oysters, two dollars and sixty cents per dozen, less five or ten cents per dozen.

So in computing the cost of the car according to specifications we find:

1100 cases, 4 doz., 5 oz. per doz., $1.30 cases, $5.20 $5720.00
300 cases, 2 doz., 10 oz. per doz., $2.50 case, $5.00   1500.00
75 cases, 4 doz., 4 oz. per doz., $1.20 cases, $4.80 ..   360.00
25 cases, 2 doz., 8 oz. per doz., $2.40 case ........    60.00

                                                      $7640.00

(This witness did not give quotations on four ounce and eight ounce but all other witnesses give basis price of five ounce oysters for which any other size can be figured.)

The difference between this figure, viz: seven thousand six hundred forty dollars and the sum of four thousand four hundred fifteen dollars, the purchase price of the car of oysters under the contract is three thousand two hundred twenty-five dollars which is the amount the jury should have returned a verdict for if the defendant's testimony is to prevail.

We submit that from an examination of the record the court will observe that all of the witnesses for the plaintiff testified to the price being near the price testified to by the witness Herlitz, none of them less and some of them more. The witness Gunn who was defendant's witness being the only witness who testified that the basis price on five ounce oysters was one dollar and thirty cents per dozen.

The court gave the jury the following instruction: "The court instructs the jury for the plaintiff that if the jury find for the plaintiff, the plaintiff is entitled to recover such sum as damages as is the difference between the price as set out in the contract in evidence and the market price of oysters of the same quality, grade and size on March 1, 1919." Which instruction is in accordance with the opinion of this honorable court on the former appeal.

We submit that any verdict the jury might find between the sum of three thousand two hundred twenty-five dol-. lars which was the market price as testified to by Gunn, and the sum of about four thousand dollars, which was the highest price given, would be proper and correct but certainly the jury should not be permitted to arbitrarily fix any amount they saw fit. This verdict is evidently a "quotient verdict" as it is about twenty-five per cent of the damages proved by the plaintiffs witnesses. It appears to be either a verdict of that kind or a *pro rata* damage verdict. In any event it does not assess the damage according to the rule announced by your honors and the case should be submitted to another jury on the question of damages only or final judgment in this court. The overwhelming proof in this case is that the damages amount to at least the figures testified to by the witness Herlitz.

We respectfully submit that appellant is entitled to damages measured by the rule announced in your honor's former opinion and is entitled to have the damages assessed by another jury or to final judgment in this court.

*J. L. Taylor,* for appellee.

After a most careful investigation of the law books, we are unable to find any cases authorizing the trial court to set aside a part of the judgment and to submit the damages to another jury, and counsel does not cite any case in support of their contentions, and therefore we seem to be driven to the inescapable conclusion that this appeal is without merit.

No other error is assigned or complained of but counsel argue that the damages awarded by the jury is not sufficient but we submit that the jury heard all of the testimony and that it was fully warranted in its finding that inasmuch as the defendant only packed a very few oysters in the season beginning October 1, 1919, next after the date of the letter written in June, 1918, up until the first of March, 1919, the last date fixed for any delivery as

shown by the testimony, record pages 173, 174, 175 and 176, and we call especial attention to the testimony shown on record page 176, that orders were filled according to priority of time and they did not have the oysters to ship, and the contract was conditioned that."all orders are taken with the proviso, if packed." Record page 6 at the top. From the testimony the jury could easily have understood that the appellee could have furnished a part of the order, which evidently occasioned their finding in the sum that they did.

Anderson, J., delivered the opinion of the court.

Appellants, Sussman Wormser & Company, sued appellee, a Mississippi corporation, in the circuit court of Harrison county for damages for breach of contract, and recovered a judgment for one thousand dollars, from which appellants prosecute this appeal.

Appellants were a wholesale grocery concern in San Francisco. Appellee was a Mississippi corporation, engaged in selling oysters and other sea food. The suit was for four thousand dollars. Appellants alleged in their declaration, a breach of contract by appellee, by the terms of which contract appellants purchased from appellee a carload of oysters to be delivered at a certain time and place, which appellee failed and refused to deliver. The price at which the oysters were purchased is set out in the declaration. The damages laid is the difference between the purchase price and the market price at the time and place of delivery. This is the second appearance of the case in this court. A statement of the case and the issues involved will be found in the case as reported on the former appeal. 127 Miss. 420, 90 So. 116.

Appellants made a motion in the court below to set aside the verdict and judgment of the court thereon so far as the assessment of damages was concerned. By the motion therefore the appellant sought to separate the judgment and verdict into two parts, viz. the issue of liability and

the issue of the amount of damages, and moved for a new trial alone on the question of damages. The motion was overruled by the court, and this action of the court is the basis of the only assignment of error.

It is true, as contended by appellants, that the damages awarded by the jury under the evidence are wholly inadequate and unauthorized. Taking the testimony most strongly for the appellee, it shows that appellant suffered something like three times the amount of damages awarded by the jury.

Is there no remedy for such a wrong except to try the entire case over again? Appellee contends there was no authority in the trial court to set aside a judgment in part and let it stand in part; that therefore the court had no right to grant a new trial on the issue of the amount of damages, and let the judgment stand on the issue of liability. Some courts have held in accordance with appellee's contention, on the theory that such a judgment is an entirety, and therefore it cannot be separated into parts. However, this question is settled in favor of the position of appellants by *Y. & M. V. R. Co.* v. *Scott,* 108 Miss. 871, 67 So. 491, L. R. A. 1915E, 239, Ann. Cas. 1917E, 880. It was held in that case that a judgment for plaintiff on the issue of liability and assessing his damages is not an entirety and therefore indivisible, but that such a judgment is founded on two separate and distinct issues, liability and the amount of recovery, and that the supreme court would grant a new trial on the issue of damages alone in a proper case, and refuse a new trial on the question of liability where the latter question had been legally tried. It is true that the new trial granted in that case was by the supreme court, but the supreme court has no more power in that respect than the trial court. The supreme court can grant a new trial only in such cases as that it was the duty of the lower court to grant a new trial. The supreme court is exclusively a court of appeals, and as such its powers are confined to correcting errors committed in the trial courts. It would be an anomaly for this court

to grant a new trial in a case in which the lower court had no such power.

Reversed and remanded for new trial on question of damages alone.

*Reversed and remanded.*