CROSBY LUMBER & MFG. CO. *v.* ELSAS *et al.*

(Division A.   Oct. 3, 1938.)

[183 So. 499.   No. 33310.]

Bramlette & Bramlette, of Woodville, for appellant.

108

Jones & Stockett, of Woodville, for appellees.

Argued orally by **D. C. Bramlette, Jr.**, for appellant, and by **A. H. Jones**, for appellee.

**McGowen, J.**, delivered the opinion of the court.

Appellees, Mrs. Elsas, Bernard Hyman and Arthur Harris, trustees, brought an action at law against the

Crosby Lumber & Manufacturing Company, appellant, for the value of timber cut from lands of which appellees alleged themselves to be the owners, and recovered judgment.

Appellees' title to the timber and right to recover in this case must rest upon the following deed from Peter Perkins to Morris H. Rothschild and the substantial part of which is as follows:

"In consideration of two hundred forty six and 79/100 dollars, I convey and warrant unto Morris H. Rothschild, the land in Wilkinson county, Mississippi, described as one hundred and forty eight acres in Lots 2 and 3 in Section thirty-six, Township four, Range two west."

"Witness my signature, this the 26th day of January, A. D. 1912." Signed and acknowledged.

The letters patent offered in evidence to Peter Perkins from the government shows that Lots 2 and 3 contain 148.74 acres; likewise, the township plat offered in evidence shows the same acreage. It will be observed that while in Lots 2 and 3 there were 148.74 acres, by the conveyance to Rothschild, the testator of appellees, he acquired only a deed to 148 acres in said lots, thereby leaving .74 of an acre not conveyed; and no description appears by which it can be determined exactly where the 148 acres attempted to be conveyed were located, or where the .74 of an acre is to be found in Lots 2 and 3. Approximately ¾ of an acre was not conveyed. Lots 2 and 3 comprise the northwest quarter of that section. This ¾ of an acre might be anywhere within the bounds of Lots 2 and 3 or that quarter section. True, the acreage omitted is small as compared to the entire quarter section, but under all the authorities in this state the deed here involved is void for uncertainty in description.

A case on all fours with the one at bar is Dingey v. Paxton, 60 Miss. 1038 wherein the description held void

was "one hundred forty three acres in the northeast quarter of section 24, township 17, range 7 west." It was there held that it was impossible to identify the 143 acres. It is impossible to identify the 148 acres in the Perkins deed set forth above. The description here involved is wholly uncertain, and, as appellees' case rested upon this void deed, their action must fail.

In view of this construction we deem it unnecessary to discuss other serious errors urged by appellant.

Reversed and judgment here for appellant.