SANSING *v.* THOMAS.

Division A. May 21, 1951.

No. 37906 (52 So. (2d) 478)

**C. F. Cowart, J. Ed. Franklin** and **Gordon & Gordon,** for appellant.

**Luther Whittington,** for appellee.

**Holmes, C.**

The appellee brought this suit against the appellant in the Circuit Court of Franklin County, seeking to recover the sum of $1600.00 as the actual value of 409 trees alleged to have been wrongfully cut and removed by the appellant, his servants, agents, or employees, from appellee's land, and the further sum of $6135.00 as the claimed statutory penalty for such alleged wrongful cutting and removal. On the original trial of the case, the jury returned a verdict for appellee, finding that 230 trees had been wrongfully cut and removed from appellee's land and awarding her $300.00 as the actual value of the trees and $3450.00 as the statutory penalty, making a total award of $3750.00, and judgment was entered accordingly. The appellant appealed from said judgment to the Supreme Court, resulting in a reversal of the judgment because of an erroneous instruction granted to appellee by the trial court. Sansing v. Thomas, 205 Miss. 618, 38 So. (2d) 706, 39 So. (2d) 263.

On the re-trial of the case in the circuit court, the jury returned a verdict for appellee, finding that 230 trees had been wrongfully cut and removed from her land by the appellant, his servants, agents, or employees, and awarding appellee $578.84 as the actual value of the trees, and the further sum of $6.00 per tree for the 230 trees, aggregating $1380.00, as statutory penalty, and making a

total award of $1958.84, for which judgment was entered and from which judgment this appeal is prosecuted.

The appellee and a Mrs. Thompson owned adjoining lands and this entire controversy revolves around the location of the correct boundary line between the two properties. According to the evidence on behalf of appellant, the boundary line was marked by an old fence line or the remnants or evidence of an old fence line, and if such should be the true line, the Thompson land would be South and West of appellee's land. According to the evidence on behalf of appellee, the boundary line between the properties was a straight line located by a survey which she caused to be made some seven months after the alleged cutting of the timber, and if such should be the true line, the Thompson property would lie immediately West of appellee's land.

Appellant had bought the timber on the Thompson property, which included, as he contended, the timber on the land lying between the said surveyed line and the old fence line. It is clear from the record that the 230 trees which the jury found to have been cut by the appellant, his servants, agents, or employees, were from the land lying between the surveyed line and the old fence line, and this is admitted by appellant in his original pleadings. The land from which these trees were cut was woodland, as was also the Thompson land immediately adjoining, and the boundary line between the two properties was uncertain and unascertained prior to the survey hereinbefore mentioned unless, as claimed by appellant, the fence line constituted the boundary line.

The evidence was conflicting and presented issues of fact for the determination of the jury on the question of the ownership of the timber, the question as to whether or not appellant, his servants, agents, or employees, cut the same without the consent of appellee, and if so, whether or not such cutting was willful, or done so negligently, or with such indifference to the true boundary, as to be tantamount to willfulness, the question as to

value of the timber, and the question as to whether or not, as appellant claimed, appellee's husband, acting as her agent, pointed out the fence line as the boundary line between the properties. These issues were submitted to the jury under instructions granted to both the appellee and the appellant and were determined adversely to the appellant. We think that ██ ██ there was sufficient evidence to warrant the finding of the jury on these issues and that it should not be disturbed in the absence of prejudicial error of law appearing in the record.

Appellant has assigned numerous grounds for the reversal of the judgment of the trial court but we deem it necessary to comment only upon those which we shall hereinafter mention.

It is contended by appellant that the trial court erred in refusing to grant him a peremptory instruction both as to the statutory penalty and the actual value of the trees. The basis of this contention is the claim, first, that at the time of the cutting, the timber which appellant bought from Mrs. Thompson had been sold by him to third parties, and that the timber, if cut on appellee's land, was cut by the servants and employees of such third parties and not by him or his servants and employees, and, second, that Curtis Thomas, the husband and agent of appellee, pointed out the fence line as the boundary and that no liability was incurred for cutting south and west of such fence line, and, third, that appellee showed no title because her deed was void for uncertainty and indefiniteness of description. The first two mentioned grounds of appellant's contention were matters about which the evidence was conflicting and are, therefore, foreclosed by the jury's verdict. ██ ██ The argument that appellee showed no title because her deed was void for uncertainty and indefiniteness of description is, in our opinion, not supported by the record title. The deed by which appellee acquired the land described it as follows: "That portion of the S W part of Section 40, Township 5 North, Range 1 East known as the 'Tom Baker Place' contain-

ing 30.45 acres, more or less, and being more particularly known and described as the land acquired by P. C. Thompson and being the same land acquired by L. A. Chapman January 12, 1944, and the same land acquired by grantor October 19, 1946, by deed recorded in Book C4 at page 291.''

The prior conveyances which are incorporated in appellee's deed by reference give a complete description by metes and bounds of the land conveyed to appellee and show the same to contain 43.92 acres, more or less, and two reputable surveyors testified that from such metes and bounds description the land could be readily located and platted. It is well settled that it is not essential that a deed in and of itself set out a complete description of the land to be conveyed where reference for description is made to another deed or conveyance which sufficiently describes the land. 16 Am. Jur., Sec. 273. █ It is argued by appellant, however, that because appellee's deed recites an acreage of only 30.45 acres, more or less, she acquired no greater acreage than that recited and that such recited acreage is impossible of location, and in support of this argument, appellant places much emphasis upon the case of Crosby Lumber & Mfg. Co. v. Elsas, 183 Miss. 107, 183 So. 499. The Crosby Lumber & Mfg. Co. case is not applicable here for the reason that appellee's deed incorporated therein by reference prior deeds or conveyances which gave a complete description by metes and bounds of the land intended to be conveyed and showed the correct acreage to be 43.92 acres. Under such state of facts, the grant of the tract intended to be conveyed is not defeated by a discrepancy between the recited and the actual acreage. The applicable principle is stated in 16 Am. Jur., Sec. 282, as follows: ''Accordingly, where the deed purports to convey the whole of a designated tract, with the description of it as containing a given number of acres 'more or less,' the primary significance of the deed is that the grantor intended to convey all the land in the tract described, whatever may be its

acreage, and the grant is not defeated by a discrepancy between the recited and the actual area.''

In view of what has been said, it is our conclusion that this record discloses no invalidity in appellee's record title to the land involved.

 It is next contended by appellant that the trial court erred in overruling his motion to strike certain admissions in his original pleadings and to amend his original pleadings by denying ownership of the timber at the time of the cutting and denying that he was in any manner connected with the cutting operations. In appellee's notice under the plea of the general issue, and on the original trial of this case in the circuit court, appellant conceded that 230 trees were cut by him, his servants or employees, on the land lying East of the surveyed line and South and West of the old fence line, but he claimed that he incurred no liability therefor because Curtis Thomas, the husband and agent of appellee, pointed out the fence line as the boundary line between the properties. On the second trial of the case in the circuit court, and after the plaintiff, who is the appellee here, had rested her case, appellant made a motion to amend his pleadings by striking therefrom the concession that the 230 trees were cut by him or his servants or employees, and averring that at the time of the cutting, he had disposed of his interest in the timber and was not connected with the cutting thereof. The court overruled the motion but, nevertheless, appellant was permitted to testify that he had nothing to do with the cutting operations after December 1, 1946, a date prior to the cutting, but that such operations were then in the hands of John Cole and Lewis Wilson. Further, appellant asked and was granted an instruction authorizing the jury to return a verdict for him if they believed from the evidence that at the time of the cutting he did not own the timber and had no agents or employees then engaged in cutting the same. Therefore, regardless of the correctness of the court's action in

overruling the motion, we are of the opinion that appellant was not prejudiced thereby.

It is further contended by appellant that under the facts of this case, the statutory penalty should not be allowed. It is well established under the case of Seward v. West, 168 Miss. 376, 150 So. 364, 366, and prior decisions of this Court, and under the more recent case of Pippin v. Sims, Miss., 51 So. (2d) 272, that ██ the statutory penalty for the wrongful cutting of timber will be allowed "only where the facts are well proved and where the testimony shows the trespass to have been willful, or the negligence so gross, or the indifference so real, or the lack of good faith so evident, as to be tantamout to willfulness".

 ██ Appellee's proof showed that prior to the cutting of the timber she notified the appellant in writing not to cut any of the timber on her land and gave him a description by metes and bounds of the land which she claimed to own. Appellee's proof further showed that appellant made no acknowledgment to her of the receipt of such notice and took no steps to ascertain the boundary between the Thompson land and appellee's land as described in said notice, but proceeded to cut the timber on appellee's said land in total disregard of the notice. We think this evidence on behalf of appellee was sufficient to warrant the court in submitting to the jury the question of appellant's liability for the statutory penalty, and we are further of the opinion that such evidence was sufficient to warrant the jury in finding that the cutting was willful, or appellant's negligence so gross, or his indifference to the true boundary so real, as to be tantamount to willfulness. Pippin v. Sims, Miss., 51 So. (2d) 272.

Appellant also complains that the court erred in granting to him the following instruction: "The court instructs the jury for the defendant that you can not render a verdict for the statutory penalty for any timber cut South and West of the old fence row that once surrounded the T. W. Baker place as shown by the evidence."

■■■ This instruction was plainly erroneous in that it took from the jury the right to determine from conflicting evidence the liability of appellant for the statutory penalty as to the trees cut South and West of the old fence line. However, the instruction was requested by the appellant and since he invited the error, he can not complain of its commission. Illinois Central Railroad Company v. Handy, 108 Miss. 421, 66 So. 783. A further answer to this contention is that the jury disregarded the instruction and since it was incorrect, there was no prejudicial error committed by the failure to follow it. Walker v. Dickerson, 183 Miss. 642, 184 So. 438.

After a careful review of this record, we are of the opinion that it discloses no prejudicial error which would justify the reversal of the case on direct appeal.

The appellee has prosecuted a cross-appeal, assigning as error the action of the trial court in overruling her motion to grant her a judgment under the verdict of the jury for $15.00 per tree as the statutory penalty for the 230 trees found by the jury to have been cut from appellee's land.

On the submission of the case to the jury, the following verdict was returned: "We, the jury, find for the plaintiff in the sum of $578.84 for the actual value of the timber or trees cut down and hauled away in the amount of 38,589 board feet at $15.00 per thousand board feet, plus the additional sum of $6.00 per tree, total number of trees being 230, amounting to $1380.00, total amount being $1958.84."

Upon the return of this verdict, the court directed the jury to retire to the jury room and return their verdict in the form set out in the instructions. The jury then returned the following verdict: "We, the jury, find for the plaintiff in the sum of $578.84 for the actual value of timber or trees cut down, removed, taken away, or destroyed from plaintiff's land."

"We, the jury, find the plaintiff is entitled to recover the statutory penalty of $6.00 per tree for 230 number of oak, gum and pine trees. Total $1380.00."

▆▆▆ Appellee moved the court to enter judgment under the verdict of the jury for $15.00 per tree for the statutory penalty and this motion was overruled. It is argued by appellee that the verdict of the jury was a finding of liability for the statutory penalty and that the action of the jury in fixing the statutory penalty of $6.00 per tree was a mistake of law which the court had the power to correct in entering judgment on the verdict. The determination of the allowance of the statutory penalty was a matter for the jury under the evidence. It is true that the penalty prescribed by the statute for the class of trees involved is $15.00 per tree, but we are unable to say that the jury would have agreed to the allowance of a statutory penalty of $15.00 per tree. The fact remains that they did not do so and to treat the verdict as a verdict for $15.00 per tree would be to enter judgment on a verdict which the jury did not render. We are of the opinion, therefore, that as the question is presented in this case, the trial court committed no error in overruling appellee's motion. ▆▆▆ The proper remedy of either the appellant or the appellee would have been a motion to set the verdict aside as to the statutory penalty and to grant a new trial on the issue of the statutory penalty only. If such motion had been made, it would have been proper for the trial court to sustain it, and if the trial court had overruled it, then it would have been within the authority of this Court to grant a new trial on the issue of the statutory penalty only. However, no such motion for a new trial on this ground was made by either party and no opportunity was given the trial court to rule on it, and, hence, this Court is without authority to grant a new trial on such issue. ▆▆▆ "The Supreme Court is exclusively a court of appeals, and as such its powers are confined to correcting errors committed in the trial courts." Sussman, Wormser & Company v. Sea Food Com-

pany, 130 Miss. 632, 94 So. 795, 796. "In order to put the trial court in error, it must be shown not only that there was error but that the error or errors were committed by the court after a fair and definitely presented opportunity was given to avoid or correct them." Robertshaw Trustees v. Columbus & Greenville Ry. Co., 185 Miss. 717, 188 So. 308, 309. "It is only when the trial court has erroneously refused to grant a new trial that the Supreme Court is authorized to grant one." Hattiesburg Chero-Cola Bottling Company v. Price, 143 Miss. 14, 108 So. 291, 292.

It follows from the views expressed that we are not warranted in disturbing the judgment of the trial court and that the same must be and is affirmed on both direct and cross-appeal.

Affirmed on both direct and cross-appeal.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated, the judgment of the court below is affirmed on both direct and cross-appeal.