274 So.2d 122 (1973)
Harry L. KREBS
v.
Mrs. Ruth Baker HODGSON.
No. 47009.
Supreme Court of Mississippi.
March 5, 1973.
Colingo & Blackwell, Pascagoula, for appellant.
Stanford Young, Waynesboro, for appellee.
WALKER, Justice:
This is an appeal from a decree of the Chancery Court of Clarke County, Mississippi, making permanent a temporary injunction which enjoined the appellant and others from execution on and sale of the property hereinafter discussed.
The relevant facts concisely stated are:
(1) On August 29, 1967, Hugh H. Moore conveyed to Mrs. Virginia Ruth Baker, who is one and the same person as Mrs. Ruth Baker Hodgson, the appellee, an undivided interest in and to all of the oil, gas and other minerals of every kind and character on, in or under that certain tract of parcel of land situated in the County of Clarke, State of Mississippi, and described as follows:
Three and One-Third (3 1/3) acres (mineral acres) in Section 21, Township 2 North, Range 14 East.
Three and One-Third (3 1/3) acres (mineral acres) in Section 22, Township 2 North, Range 14 East.

*123 Three and One-Third (3 1/3) acres (mineral acres) in Section 28, Township 2 North, Range 14 East.
The conveyance recited that it was for a valuable consideration, it was properly acknowledged on August 29, 1967, and was filed for record on September 13, 1967, and recorded on September 14, 1967.
(2) On February 19, 1968, Harry Lee Krebs obtained a judgment against Hugh H. Moore in the County Court of Jackson County, Mississippi, for the sum of $3,878 with interest thereon at six percent per annum. The aforesaid judgment was duly enrolled on the judgment rolls of Clarke County in Judgment Roll Book 7 at page 215 on May 16, 1968.
Appellant Krebs contends that the lower court erred in finding that the above conveyance of August 29, 1967, from Hugh H. Moore to Mrs. Virginia Ruth Baker (Hodgson) conveyed any interest whatsoever unto Mrs. Baker and further argues that said deed was void for uncertainty and that any interest which Hugh H. Moore had in the mineral rights described therein remained in him and that the judgment against Hugh H. Moore in favor of Krebs enrolled in Clarke County on May 16, 1968, became a lien on such mineral rights and interests; and, as a result of such judgment lien, the claim of appellant Krebs is superior to that of appellee, Mrs. Ruth Baker Hodgson and that appellant should not have been enjoined from executing on such rights and interests to satisfy his judgment.
The appellant relies heavily on the cases of Mississippi Industries for the Blind v. Jackson, 231 Miss. 135, 95 So.2d 109 (1957); Crosby Lumber and Manufacturing Company v. Elsas, 183 Miss. 107, 183 So. 499 (1938); Hatchett v. Thompson, 174 Miss. 502, 165 So. 110 (1936); W.C. Early & Company v. Long, 89 Miss. 285, 42 So. 348 (1906) and Dingey v. Paxton, 60 Miss. 1038 (1883); however, these cases deal with indefinitely described surface rights and not minerals and therefore are not applicable or controlling as the law in this case.
It is and has been a longtime practice in this State to convey undivided mineral interest in land by fractions or by describing a certain number of mineral acres as being under a particular tract of land. This general practice is discussed and an illustration given in 1 H. Williams and C. Meyers, Oil and Gas Law, section 320.2 (1972), a noted authority on the subject, where it is said:
The owner of 100% of the minerals in a tract of land may convey an undivided interest therein by at least three methods. For illustration, suppose the tract (Blackacre) is thought to contain 40 acres and that the owner (R) and the purchaser (E) agree on the transfer of one-half of R's interest. The deed effectuating this agreement could take one of three forms, as follows:

Form 1. R could transfer to E "an undivided one-half interest in all oil, gas or other minerals in, on and under" Blackacre.

Form 2. R could transfer to E "an undivided fifty percent (50%) of all oil, gas and other minerals in, on and under" Blackacre.

Form 3. R could transfer to E "an undivided twenty (20) acres in all oil, gas and other minerals in, on and under" Blackacre.
The conveyance from Moore to Mrs. Baker (Hodgson) falls in that category of mineral conveyances described in Form 3 in the above examples and therefore is not void for uncertainty. The grant or reservation of a certain number of mineral acres in a tract of land creates an undivided mineral interest, with the number of mineral acres conveyed as the numerator and the number of acres in the tract as denominator.
The remaining assignment of error with reference to a quitclaim deed is without *124 merit and it and the facts relative thereto are not discussed; therefore, the judgment of the chancery court in making the temporary injunction permanent is affirmed.
Affirmed.
RODGERS, P.J., and INZER, ROBERTSON and BROOM, JJ., concur.