## LOUISVILLE & NASHVILLE RAILROAD CO. *v.* BRADFORD.

1. In a suit against a railroad company for damages, a general allegation that the plaintiff "was put to a reasonable expense of $150 for necessary medical attention and nursing," was subject to special demurrer. *Louisville & Nashville R. Co.* v. *Barnwell,* 131 *Ga.* 792 (4) (63 S. E. 501).

(*a*) If there were no other error, the overruling of a special demurrer to such an allegation would not require a reversal of a judgment of recovery by the plaintiff, where no evidence was introduced in support of such allegation, and where the charge of the court did not submit any such element of damages to the jury, and it is apparent that no harm could have resulted to the defendant from the ruling.

2. While the evidence on the subject of whether the injury to the plaintiff was permanent in character was conflicting, there was enough to authorize the admission in evidence of the mortality and annuity tables, and the giving of a charge in regard to them.

3. In an action by an employee of a railroad company to recover against the company on account of injury occurring in 1906, and alleged to have been caused by negligence of a coemployee, it was error to charge as follows: "If the plaintiff shows to your satisfaction that he was injured by the negligence of a fellow servant, then the burden of proof would be shifted to the defendant, and the facts alleged would be presumed to be true until disproved by testimony satisfactory to you. So if a plaintiff shows he was without fault, the presumption would be that the allegations of fact were true, and it becomes your duty to decide as to the negligence."

4. That the court, in introducing a charge on the subject of permanent injuries, used the expression, "there is some evidence and pleadings in regard to permanent injury," was not such an expression of opinion as requires the grant of a new trial.

5. Where, in a suit by an employee against a railroad company to recover for a personal injury, a paper was introduced in evidence, apparently made out on a prepared form, which stated that the injury to the employee was not due to any negligence or carelessness on the part of any coemployee or foreman, but that the accident was one of the ordinary risks of the service, and that the railroad company and its officers, agents, and employees were in no wise to blame, and which recited the manner in which the injury occurred, and was signed by the plaintiff, there was no error in instructing the jury that such paper was not a release or discharge of the company from liability, but was simply an

admission upon the part of the plaintiff; nor in adding that, under the law, admissions are scanned with care, and that the jury could consider such admission in the light of all the facts and circumstances connected with the transaction, as shown by the evidence.

6. After charging as indicated in the preceding headnote, it was error to add, in regard to such an admission, that "It simply goes to his credit." Such an admission of a party is not limited to the mere purpose of discrediting his testimony.

7. The other grounds of the motion for a new trial appearing in the record are not such as to require a reversal for any reason assigned by the plaintiff in error.

DECEMBER 15, 1910.

Damages. Before T. W. Skelly, judge pro hac vice. Gordon superior court. October 29, 1909.

*Tye, Peeples & Jordan, D. W. Blair,* and *O. N. Starr,* for plaintiff in error.

*Lipscomb, Willingham & Wright* and *J. M. Lang,* contra.

LUMPKIN, J.   Bradford sued the Louisville & Nashville Railroad Company, of which he was an employee, for a personal injury alleged to have arisen from the negligence of a coemployee. He obtained a verdict. The defendant moved for a new trial. The motion was overruled, and the defendant excepted.

The cause of action arose in March, 1906, and the case is therefore unaffected by the act of August 16, 1909 (Acts 1909, p. 160). Under section 2323 of the Civil Code, if the injured person is himself an employee of the railroad company, and the damage was caused by another employee, and without fault or negligence on the part of the person injured, his employment by the company shall be no bar to a recovery.   Here two things were necessary, in case of a railroad employee, to relieve him from the general rule of non-liability of the master for negligence of a fellow servant: first, that the damage was caused by another employee; and second, that the injured person was without fault or negligence contributing in any material degree to the injury.   It has been held, that, upon proof of negligence on the part of another employee causing the injury, a presumption of freedom from fault or negligence on the part of the person injured would arise; or that, upon proof of the injury and freedom from fault or negligence on his part, a presumption of negligence on the part of the company through its other employees would arise.  *Augusta R. Co.* v. *McDade,* 105 *Ga.* 134 (31 S. E. 420); *Atlantic R. Co.* v. *Jones,* 132 *Ga.* 189 (63 S. E. 834).  But the law does not declare, that, if an

employee of a railroad company shows that he was injured by the negligence of a fellow servant, "the facts alleged would be presumed to be true until disproved by testimony satisfactory to" the jury; nor, that, if the plaintiff shows that he was without fault, "the presumption would be that the allegations of fact are true," and it becomes the duty of the jury "to decide as to the negligence." This was too broad a statement. No presumption arises that all the facts alleged are true. For instance, one fact alleged was that the plaintiff was damaged in the sum of $2,000. There was no presumption about this, but the burden of proving his damages rested on the plaintiff.

A paper of the character described in the fifth headnote was not a release but could be introduced in evidence as an admission. The presiding judge did not err in so stating or in charging the jury that admissions are scanned with care, as declared in section 5197 of the Civil Code. He erred in stating to them that "It simply goes to his credit." An admission of a party in regard to how he was injured is not, in its effect, confined to merely discrediting his testimony on the stand.

The presiding judge should not express an opinion as to what has been proved in regard to any disputed issue of fact. But merely to introduce a charge on the subject of permanent injury by stating to the jury that "there is some evidence and pleadings in regard to permanent injury" was not a violation of the rule just announced.

None of the other grounds of the motion for a new trial require a detailed discussion. As they appear in the record before us, none of them require a reversal save those above indicated.

*Judgment reversed.. All the Justices concur.*