## 12758. PAYNE, agent, *v.* DUNCAN & NELMS.

1. While a stipulation in a contract for the shipment of live stock, that "before the property is removed from the possession of the carrier or mingled with other property, the shipper, owner or consignee shall inform in writing the delivering carrier of any injury to the property," is reasonable and valid, so that, in the absence of any express or implied waiver of it by the carrier, a recovery could not be legally had from the carrier for such an injury where the evidence shows that the plaintiff did not comply with the stipulation (*Southern Ry. Co. v. Tollerson*, 129 *Ga.* 647, 59 S. E. 799; *Roberts v. Ga. &c. Ry. Co.*, 10 *Ga. App.* 100, 72 S. E. 942), yet the plaintiff does not sue upon the express contract of affreightment, but brings his action in tort, and where it is the carrier who sets up by its plea and introduces in evidence the bill of lading with its stipulation as to notice, the burden of proof lies upon the carrier to sustain its affirmative plea and defense by showing the failure of the plaintiff consignee, the shipper and the owner, to give the notice thus required. *Southern Ry. Co. v. Bunch*, 27 *Ga. App.* 689 (109 S. E. 523). The carrier here failed to offer such proof.

2. While it has been held that a carrier of live stock may by special contract make reasonable stipulations in reference to matters which are merely incidental to the transporation of the animals, such as loading and unloading and· caring for stock, it is· not the law that such a stipulation, obligating the shipper to unload the animals from the car at his own risk and expense and providing that any helpers which might be furnished by the carrier for the shipper's accommodation should be "deemed employees of the shipper" while so engaged, can be construed as relieving the carrier from the result of what might be deemed to be its own negligence in failing to provide safe and proper facilities for unloading the stock. *Brannon v. Atlanta &c. R. Co.*, 4 *Ga. App.* 749,

751 (62 S. E. 468); *Cranor v. Southern R. Co.,* 13 *Ga. App.* 86 (2) (78 S. E. 1014). But where, as here, it is shown without dispute that the alleged inadequate facilities for unloading were known to the shipper, but he nevertheless undertook through his own special agent to unload the stock himself according to a mode and method acquiesced in by him, then and in such event the risk of their being thus injured must be taken to have been assumed by the shipper (*Brannon* v. *Atlanta &c. R. Co.,* supra); and it therefore follows that the verdict and judgment for the plaintiffs is without evidence to support it.

DECIDED MARCH 20, 1922.

Action for damages; from Madison superior court — Judge W. L. Hodges. July 27, 1921.

*Berry T. Moseley, John B. Gamble,* for plaintiff in error.

*Clarence E. Adams,* contra.

JENKINS, P. J. There was undisputed testimony which showed that one of the plaintiff firm at the time of the injury to the mules in question had actual knowledge of the alleged safer facilities for unloading, but made no protest to the carrier or its agent, and sent to the carrier's depot the plaintiff's own agent, who paid the freight, took charge of the animals and haltered some, accepted the carrier's existing place and facilities for unloading without offering any objection, and himself (whatever under the disputed evidence the carrier's agent might have done in directing or suggesting the manner of unloading) acquiesced in the agent's suggestions, and actively assisted in, if he did not wholly direct, all of the processes of unloading.

It is not necessary to add anything further to the headnotes.

*Judgment reversed. Stephens and Hill, JJ., concur.*