14330. LOUISVILLE & NASHVILLE RAILROAD CO. *v.* HARRELL & MURPHY.

BLOODWORTH, J. 1. In a suit against a railroad company for damage to mules shipped, an allegation that "one of the said mules was wounded in the nose, which disfigured said mule and made it necessary for petitioners to treat the same and cure it, which services of petitioners and expense incurred in treating said mule, together with the decreased value of the same, amounted to $50," is subject to a special demurrer on the ground that "it is not alleged what the expense incurred in

treating said mule amounted to." *L. & N. Railroad Co.* v. *Bradford*, 135 *Ga.* 522 (1) (69 S. E. 870); *Turley* v. *Atlanta, Knoxville & Northern Ry. Co.*, 127 *Ga.* 594 (3) (56 S. E. 748, 8 L. R. A. (N. S.) 695); *L. & N. Railroad Co.* v. *Barnwell*, 131 *Ga.* 792 (4) (63 S. E. 501), and citations.

(*a*) The overruling of a special demurrer to such an allegation was error, but does not require a reversal of a judgment in favor of the plaintiff, as no specific evidence was introduced to support such allegation, and the judge of the trial court did not submit such an element of damages to the jury. *L. & N. Railroad Co.* v. *Bradford*, 135 *Ga.* 522 (1 *a*) (69 S. E. 870).

2. The court did not err in overruling the other grounds of the demurrer.

3. In this case a declaration in attachment was filed, in which it was alleged that the plaintiff had shipped a number of mules from a point within the State of Illinois and consigned them to itself at Moultrie, Georgia. The bill of lading contained a stipulation that "As a condition precedent to the shipper's right to recover any damages for loss or injury to said animals, he will give notice in writing thereof of his claim to the agent of the railroad company or other carrier from whom he receives said animals before said animals are removed from the place of destination above mentioned, or from place of delivery of the same to said shipper, and before said animals are mingled with other animals." Under the foregoing stipulation, which is reasonable and valid, the plaintiff could not legally recover, because it did not show that it had complied with this stipulation. On the contrary, the defendant introduced the bill of lading which contained the said stipulation, and showed the failure of the plaintiff,—consignee, shipper, and owner,—to give the written notice therein required. *Sou. Ry. Co.* v. *Tollerson*, 129 *Ga.* 647 (59 S. E. 799); *Southern Ry. Co.* v. *Adams*, 115 *Ga.* 705 (42 S. E. 35); *Payne* v. *Duncan*, 28 *Ga. App.* 399 (1) (111 S. E. 209); *Roberts* v. *Ga. Sou. & Fla. Ry. Co.*, 10 *Ga. App.* 100 (72 S. E. 942); Kidwell *v.* Oregon Short Line Ry. Co., 208 Fed. 3 (2), and citations. This being an interstate shipment, under decisions of the United States Supreme Court the parties to the bill of lading "cannot waive its terms, nor can the carrier by its conduct give the shipper a right to ignore them." *American Ry. Express Co.* v. *Roberts*, 28 *Ga. App.* 511 (3 *a*) (111 S. E. 744). It follows that the verdict in favor of the plaintiff was contrary to law and the evidence, and that the court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*

DECIDED NOVEMBER 14, 1923.

Attachment; from Colquitt superior court—Judge W. E. Thomas. January 26, 1923.

*Tye, Peeples & Tye, A. R. Kline, J. A. Dewberry,* for plaintiff in error.