37892. SOUTHEASTERN ENGINEERING & MANUFACTURING COMPANY *v.* LYDA.

DECIDED SEPTEMBER 17, 1959.

*Wilkinson & Walker, A. Mims Wilkinson, Jr.,* for plaintiff in error.

*Wilson, Branch & Barwick, John W. Wilcox,* contra.

TOWNSEND, Judge. ■ On the trial it was undisputed that

the defendant, who ran a small artcraft manufacturing company, contracted with the plaintiff to design, construct and install a modification of a tenoning machine which she was using in her business; that the plaintiff did so, and that the modification after installation did not perform, the only question being whether its failure to perform was due to the plaintiff or the defendant. The machine in question was a power tenoning machine upon which the defendant at the time had been using a jig which cut tenons or tongues in one end of a wood slat or leaf. The defendant had to remove her material from this machine prior to its modification and have it carried to another machine which cut a groove in the other end of the material, and she desired a part which would fit on the tenoning machine and perform both operations. Her testimony was that the contract was to install "a process", not simply to prepare a modification which she would have to go to additional expense in order to have installed. The plaintiff's engineers testified that the modification as designed and built would do this job but that when they went to install it they discovered that the defendant's tenoning machine was not level; that they attempted to adjust the machine to make it level; that they then found the machine would have to be levelled otherwise than by its own built-in adjusters and then notified the defendant this would cost an additional $60 to $100, which she did not desire to pay. Nothing further was done. As installed the equipment would perform only the single tongueing operation which the defendant had been able to do all along with this machine and would not perform the second operation which was the grooving of the other end of the material. The evidence was sufficient to authorize a verdict for the defendant on the theory that the contract had been to install an operable modification and that, in the manner in which it was installed, the defendant had gained nothing and accordingly had suffered a total failure of consideration. The general grounds of the motion for new trial are without merit.

■ The plaintiff offered in evidence a number of pictures and diagrams, and a considerable amount of testimony, from all of which the manner of operating a tenoning machine, and the pur-

pose and appearance of the modification designed and built by it, were clearly explained. However, a picture of a tenoning machine different from the one owned by the defendant, as well as some testimony regarding the operation of the machine shown in this picture, were not admitted in evidence, and error is assigned in the four special grounds of the amended motion for a new trial on the exclusion of this evidence. The defendant, shown a copy of the picture, testified that both machines were designed to accomplish the same result but they were as different as a Ford and a Cadillac, and that the only similarity between them was that both were called tenoning machines. The plaintiff's own witness merely testified as to the picture: "Basically it performed the same operation. Her machine was a good deal older than that one, earlier design." The admissibility of a photograph in evidence depends upon a proper foundation being laid by testimony that it is a true likeness of the subject matter involved at the time of the transaction. *Draffin* v. *Massey*, 93 Ga. App. 329 (92 S. E. 2d 38). Photographs are sometimes admissible, or their admission is not harmful error, where, although there are differences, there is sufficient testimony to make it clear what differences exist and therefore what parts of the pictorial representation are to be disregarded. *Sylvania Central Ry. Co.* v. *Gay*, 82 Ga. App. 486 (61 S. E. 2d 587). Under similar testimony, working models and diagrams are sometimes admissible to illustrate a point of mechanical operation being explained by a witness where the diagram aids the explanation. No such foundation was laid here, the picture itself was admittedly neither a picture of the defendant's machine nor of one like it, and it does not appear in what way the plaintiff would have been benefited by its admission in evidence. None of the special grounds are meritorious.

The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*