### 20855. CLARK *et al. v.* BAETY *et al.*

HAWKINS, Justice. 1. The petition alleges: that W. M. Hammond, the owner of a larger tract of land lying west of the Thomasville-Monticello Highway, sold portions thereof to the defendants' predecessors in title, and, in describing two of the tracts conveyed by him, he fixed the starting point of one of said tracts as being thirty feet north of the north line of the other tract, and in a subsequent deed to a smaller tract, described it as being separated from one of the other tracts above referred to "by a roadway of fifty feet in width"; that a road along a portion of said thirty-foot strip, title to which was retained by the common grantor of all of the parties to this proceeding, had been used by the plaintiffs and others in the same area continuously for about sixty years, and is now being used along said entire right-of-way, with the exception of a small curve around a mill belonging to one of the defendants' predecessors in title; that the defendants, being owners of the land on each side of said strip, have encroached on said roadway with their fences and the curve made therein, which encroachments constitute a continuing trespass, causing irreparable damages; that the road is badly in need of repairs, which the county authorities have agreed to make so as to make it available for use by the plaintiffs, this being their only means of ingress and egress to and from their properties, which came from the same grantor, and which the defendants have prevented by objecting thereto and refusing to permit the said road to be worked for the width of thirty feet. The plaintiffs seek an adjudication that they have an easement for a roadway not less than thirty feet wide and not more than fifty feet wide along the route designated by the common grantor along the northern boundary of the Ben Jones land extending from the Thomasville-Monticello Highway to the plaintiffs' properties, for a

road for the plaintiffs to and from their properties; and they seek to enjoin the defendants from interfering with the repair of the road, and from placing or maintaining obstructions therein, or otherwise trespassing upon the same. The petition stated a cause of action, and the trial judge did not err in overruling the general demurrers thereto upon the grounds that the plaintiffs have an adequate remedy under Code § 72-203 to abate a nuisance; that the petition seeks a mandatory injunction; that it seeks to enjoin interference by the defendants with the county commissioners and their employees, who are not parties to the suit; and that it states no cause of action. *Lockwood* v. *Daniel*, 193 *Ga.* 122 (6) (17 S. E. 2d 542); *Gibson* v. *Gross*, 143 *Ga.* 104 (84 S. E. 373); *Hamil* v. *Pone*, 160 *Ga.* 774 (129 S. E. 94); *Thompson* v. *Hutchins*, 207 *Ga.* 226 (60 S. E. 2d 455); *Owens Hardware Co.* v. *Walters*, 210 *Ga.* 321 (80 S. E. 2d 285).

2. The petition having been twice amended by setting out copies of the deeds under which the plaintiffs claimed title, and by showing a chain of title from the common grantor into each of the defendants to their respective properties, the trial court properly overruled the special demurrers to the petition as amended.

3. Even if the special demurrer to the allegations of the petition with respect to punitive damages was erroneously overruled, such error was harmless, since the jury returned no verdict for damages against the defendants.

4. There being no approval by the trial judge of the grounds of the amendment of the motion for a new trial, they present no question for decision. Code § 70-301; *Lightfoot* v. *Applewhite*, 212 *Ga.* 136 (2) (91 S. E. 2d 37).

5. While the evidence was in conflict as to the location of the roadway, there was some evidence to support the verdict, and it was not error to deny the motion to dismiss the petition because not supported by evidence, or to overrule the general grounds of the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 11, 1960—DECIDED MAY 5, 1960.

P. C. Andrews, Jr., for plaintiffs in error.

*Gainey & Gainey*, contra.