38496. THE HITCHCOCK CORPORATION v. STONER *et al.*

DECIDED SEPTEMBER 27, 1960.

*Smith, Swift, Currie, McGhee & Hancock, James B. Hiers, Jr.,* for plaintiff in error.

*Rogers & Turoff, Jack Turoff,* contra.

NICHOLS, Judge. 1. In *Brooks v. Ready Mix Concrete Co.,* 94 Ga. App. 791 (96 S. E. 2d 213), Judge Felton discussed in a very thorough opinion the absolute liability of one who voluntarily sets in force the motion of an explosion which creates a concussion that causes damages to real property. The liability in such circumstances is absolute and need not again be discussed here.

The defendant contends, in support of its general demurrer, that the instant case is distinguishable from the *Brooks* case, supra, because here the plaintiffs failed to allege that such explosion was voluntarily set in motion by the defendant. The petition alleged: "The defendant herein *caused* to be exploded dynamite." It was also alleged that "the explosion was created by agents and employees of the defendant," and that such agents and employees "were acting within the scope of their agency and employment."

In *Skelton v. Gambrell,* 80 Ga. App. 880 (1) (57 S. E. 2d 694), it was said: "The word 'caused' more generally conveys the meaning of intention and affirmative action." In that case, construing a petition on general demurrer, it was held that "caused" should be so construed. While a petition is to be construed most strongly against the pleader on general demurrer, as was said in *Raines v. Jones,* 96 Ga. App. 412, 414 (100 S. E. 2d 157): "Even in construing the petition most strongly against the pleader, a strained and unreasonable construction can not be placed on an allegation in testing its sufficiency as against a demurrer."

So construing the allegation that "the defendant caused to be exploded" it must be construed as meaning "the defendant intentionally had exploded the dynamite." The petition otherwise set forth a cause of action, and the trial court did not err in overruling the general demurrer.

2. The defendant filed various special demurrers in which it sought to attack the measure of damages alleged. Each of these special demurrers contends that the measure of damages alleged is incorrect, but neither is the purported true measure of damages alleged, nor is it shown why or wherein some other measure of damages is correct. Accordingly, under the decisions of this court in *Crawford v. Sumerau,* 100 Ga. App. 499 (111 S. E. 2d 746); and *Bartow County v. Darnell,* 95 Ga. App. 193 (97 S. E. 2d 610), the demurrant failed to lay, as it were, his finger on the very point, and the trial court did not err in overruling such special demurrers.

3. The remaining questions presented by the special demurrers have been carefully examined, and are without merit.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*