39299. SPIELBERG v. McENTIRE.

DECIDED MARCH 14, 1962.

*Lipshutz, Macey, Zusmann & Sikes, John M. Sikes, Jr.,* for plaintiff in error.

*Scott, Scroggins & Cash, Frank W. Scroggins,* contra.

EBERHARDT, Judge. 1. Assignments of error not urged will be considered as having been abandoned. *Code* § 6-1308. Hence, it will be necessary to consider only defendant's last group of demurrers and one ground from his second group.

2. One demurrer in the second group attacks plaintiff's allegations of bad faith as being vague and indefinite and as failing to set forth sufficient facts to constitute bad faith. It is probably true that the allegations fail to meet the standards laid down by Judge Frankum in his exhaustive opinion in *Edwards-Warren Tire Co. v. Coble,* 102 Ga. App. 106 (2) (115 SE2d 852) dealing with attorney's fees and expenses of litigation under *Code* § 20-1404. However, the court specifically charged that, if the jury found for the plaintiff and further decided to award attorney's fees, their verdict for this amount should be stated separately. There was no finding of any amount for the plaintiff on the issue of attorney's fees. Thus, any error resulting from the overruling of this demurrer was harmless. *Clark v. Baety,* 216 Ga. 42 (3) (114 SE2d 527). These rulings dispose of all of defendant's special demurrers not included in the last group.

3. Ground 3 complains that plaintiff's last amendment refers to certain drawings but that they are not attached to the petition. While it is true that no drawings were attached to the petition, the original petition makes reference to "plans" in at least two places and the contract attached to the original petition does likewise. *Code* § 81-301 as amended requires demurrers to be filed on or before the appearance day. Since the defendant did not demur to the failure to attach drawings or plans at his first opportunity, under the rule of *Wardlaw v.*

*Southern Ry. Co.*, 199 Ga. 97 (4a) (33 SE2d 304) and similar cases, his attack came too late.

Ground 24, complaining of an allegation that the house "sags excessively," must fail on the same basis. This specific language appears in the original petition.

4. The original petition set forth in rather general terms various portions of the house which were defective. By amendment, plaintiff particularized the defects. In numerous grounds (4, 5, 6, 8, 9, 10, 11, 20, 21, 22, 23, 26, 27, 28, 29, 30 and 31) defendant attacks this amendment as attempting to set forth a new cause of action.

The parties to a case have broad rights of amendment under the provisions of *Code* Ch. 81-13. *Murphy v. Peabody*, 63 Ga. 522, 524; *Howard v. Jones Motor Co.*, 104 Ga. App. 440, 442 (121 SE2d 915). However, the addition of a new and distinct cause of action is expressly prohibited by *Code* § 81-1303. The test as laid down in the leading case of *City of Columbus v. Anglin*, 120 Ga. 785 (5) (48 SE 318) is: "No new and distinct cause of action is added to a petition by an amendment which contains additional matter descriptive of the same wrong pleaded in the original petition, and which does not plead any other or different wrong." Of specific import is that "[t]he distinction between work being faulty and defective, and work being not completed according to the provisions of the contract, is not sufficient to constitute a change in the cause of action. . . The law is liberal in the allowance of amendments. . ." *Fidelity &c. Co. of Maryland v. Fine*, 56 Ga. App. 729, 736 (194 SE 58). And see the discussion of this problem by Judge Jenkins in *Napier v. Strong*, 19 Ga. App. 401, 407 (91 SE 579).

In the apt words of the trial court in overruling defendant's contention below, "[t]he thread of complaint runs through a single cause of action." Plaintiff's amendments obviously related to the breaches alleged in the original petition. Additionally, plaintiff set out a general breach of the contract in an undemurred-to amendment. These grounds are without merit.

5. Defendant demurred to the same allegations of breaches

of the contract as being "vague and indefinite," and because of failure to "itemize" the damage claimed. (Grounds 7, 12, 17, 25). A special demurrer, being itself a critic, must be free of imperfections, and demurrant must "lay . . . his finger on the very point" attacked, showing the correct measure of damages. *Hitchcock Corp. v. Stoner*, 102 Ga. App. 450, 452 (116 SE2d 631) and cases cited. Assuming the doubtful proposition that this demurrant complied with the *Hitchcock* admonition, there is still no defect in plaintiff's allegation. Where the proper measure of damages is alleged (here, the difference in value between the house as finished and the house as it would have been if completed according to the contract, *Kendrick v. White*, 75 Ga. App. 307 (2a), 43 SE2d 285), the facts essential to the establishment of such damages are matters of proof. *Pacific Mutual Life Ins. Co. v. Caraker*, 31 Ga. App. 707 (8) (121 SE 876). Plaintiff could have alleged the various breaches and then assigned one sum as damages, but here he went further by alleging the amount of damage for separate groups of breaches, then praying for the recovery of a sum equal to the total of all as his damages.

The able trial judge observed in his order overruling the motion for new trial "when the plaintiff has proved the difference between the value of the house as finished and the value of the house as it ought to have been finished under the contract, it is not necessary to prove how much each particular breach reduced the value. This court is of the opinion that the allegation of diminution in value for each group of alleged breaches was an unnecessary allegation . . ." and we agree.

The cases cited by the defendant are distinguishable on their facts. *Turley v. Atlanta &c. Ry. Co.*, 127 Ga. 594 (3) (56 SE 748, 8 LRA (NS) 695) (medical bills, for human); *Louisville &c. R. Co. v. Harrell*, 31 Ga. App. 126 (1) (120 SE 35) (medical bills, for mule); *De Golian v. Faulkner*, 74 Ga. App. 870 (41 SE2d 664) (counsel conceded demurrer was good). It was not error to overrule these grounds.

6. The remaining grounds are interrelated and may be considered together. All attack alleged conflicts between the amended petition and the attached contract, on the basis that

the two are "inconsistent and contradictory," (Grounds 2 and 14), that they are "in conflict" (Ground 15) and by general demurrer to the paragraph (Ground 16). Actually what is alleged is not inconsistent but incomplete, e.g., the contract specifies "Armstrong Excelon tile . . . (or inlaid linoleum)" while the amended petition refers only to "Excelon tile."

It is the general rule that discrepancies between a petition and attached exhibits are controlled by the exhibits. *Harris v. Ackerman,* 88 Ga. App. 128 (1) (76 SE2d 132) and cases cited; Leverett, Hall & Christopher, Georgia Procedure & Practice (1957) § 2-22 at p. 38 (n. 104). The trial provided defendant's remedy here—not the appellate courts. These grounds show no error.

7. With regard to the motion for new trial, the defendant argues the general grounds together with Special Ground 11. This last ground moves for a new trial "because the verdict of the jury is so excessive as to indicate passion or prejudice." The gist of defendant's contention is that there was no evidence to support the verdict because plaintiff particularized his items of damage, as outlined in Division 5 of this opinion, and then offered only proof of the difference between the value of the house finished and the value of the house if it had been built according to the contract. As we pointed out in Division 5, plaintiff went further than he needed to go in specifying the damages and it was not error for him to prove only the proper measure of damages as set out above. The verdict of $2,500 was well within the range of the testimony and the jury was authorized to find this amount, although the verdict was not demanded. *Lokey v. Malcom,* 53 Ga. App. 434, 436 (186 SE 448). The general grounds and Special Ground 11 show no error.

8. A number of the other special grounds are controlled by the proposition that "Every fact or circumstance serving to elucidate or throw light upon the issue being tried, constitutes proper evidence in the case." *Georgia Savings Bank &c. Co. v. Marshall,* 207 Ga. 314 (1) (61 SE2d 469), and cases cited. These special grounds concerned testimony that all the inside doors showed a space beneath them (Ground 1), that the fireplace was not constructed in accordance with "good or normal

practice" (Ground 5), that the cost of drilling a well did not establish its market value (Ground 2) and that a witness was basing his estimate of difference in value on the cost of repairs (Ground 4). Additionally, as to Ground 2, the defendant himself brought the issue into the case. on cross-examination. As to Ground 4, the cost of repair is illustrative of the difference in value claimed as damages. *Small v. Lee & Bros.*, 4 Ga. App. 395, 397 (61 SE 831); *Dornblatt v. Carlton*, 10 Ga. App. 741 (73 SE 1085); *Lamon v. Perry*, 33 Ga. App. 248 (1) (125 SE 907). As to Ground 5, there was evidence in this connection that the fireplace settled and sank below the floor level and that the chimney did not draw, resulting in smoke damage. None of these grounds shows error.

9. In another ground of the motion, defendant objected to the testimony of one of plaintiff's witnesses as to difference in value because he had not qualified as an expert. (Ground 3). This contention is controlled by *Code* § 38-1709 which provides: "Direct testimony as to market value is in the nature of opinion evidence. One need not be an expert or dealer in the article, but may testify as to value, if he has had an opportunity for forming a correct opinion." See Green, Georgia Law of Evidence (1959) § 112 at p. 277 (n. 85). The witness here had had some experience in the field as a construction estimator. Furthermore, he had examined both the house as completed and the plans for the house. This ground is without merit.

10. Defendant objected to the admission of certain photographs because they were "so burned out and overexposed or something it is impossible to tell what is supposed to be the subject of the picture." (Ground 7). The Georgia rule as to the admission of photographs is comparatively liberal, if there is testimony that the picture correctly represents the thing. Green, Georgia Law of Evidence (1957) p. 202, § 86; *Draffin v. Massey*, 93 Ga. App. 329 (4) (92 SE2d 38); *Southeastern Engineering &c. Co. v. Lyda*, 100 Ga. App. 208 (2) (110 SE2d 550). There was such testimony here and the photographs, although poor, were admissible for whatever weight the jury chose to give them.

11. The final ground of the motion for new trial is that the

trial judge failed to require the plaintiff to speak out so that one of defendant's witnesses could identify his voice. This matter was in the discretion of the trial judge. Even if error, it was harmless as the defendant himself identified the plaintiff as the speaker at the time in question. No error appears in this ground.

12. Special Grounds 6, 9, and 10, having been expressly abandoned, need not be considered.

No error appearing either in the overruling of the defendant's special demurrers or his motion for new trial, the judgment is

*Affirmed. Carlisle, P. J., and Russell, J., concur.*