### 40758. McKINNEY v. PITTS.

Eberhardt, Judge. This was a personal injury action arising out of an auto-truck collision. The jury found for the defendant. The plaintiff moved for a new trial on the general grounds and three special grounds. The motion was overruled and plaintiff excepts. *Held:*

1. The general grounds are not argued and are therefore abandoned.

2. A charge giving the improper measure of damages for plaintiff's recovery is harmless where there is a verdict for the defendant. *Carter v. Hutchinson*, 106 Ga. App. 68 (1) (126 SE2d 458); *Patillo v. Thompson*, 106 Ga. App. 808 (6) (128 SE2d 656).

3. Plaintiff objected to certain testimony by a physician who examined plaintiff almost two years after the collision. The testimony was a part of the history taken down by the physician and was to the effect that plaintiff told him that as she was "slowing down to make a left turn, she heard a horn [but did] not know why she continued to turn left. . ." The objection was that the evidence was irrelevant and immaterial. Assuming that the objection was sufficient to raise the point (but see *Isley v. Little*, 219 Ga. 23, 28 (7), 131 SE2d 623), the testimony was admissible to impeach plaintiff, who had previously answered "No, sir, he didn't ask me any questions like that," when asked if she remembered giving the physician this information. This prior testimony certainly laid the founda-

tion for subsequent impeachment, *Code* § 38-1803, and was admissible for that purpose, notwithstanding its general inadmissibility as hearsay. Green, Georgia Law of Evidence, 335, § 135, and 607, §§ 310, 311.

4. Complaint is made of the exclusion of photographs of a truck similar to that driven by the plaintiff at the time of the collision. The photographs were admittedly not of the same truck, which was not repaired after the wreck, and there were certain differences between the two trucks. The admission of admittedly different photographs is within the discretion of the trial judge, which will not be controlled unless abused. See *Johnson v. State,* 158 Ga. 192, 197 (2) (123 SE 120); *Southeastern Engineering &c. Co. v. Lyda,* 100 Ga. App. 208 (2) (110 SE2d 550); *Owensby v. Jones,* 109 Ga. App. 398 (8) (136 SE2d 451). We find no abuse of discretion, and this special ground is without merit.

The motion for new trial was properly overruled.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*

DECIDED JUNE 19, 1964.

*Walter B. Fincher,* for plaintiff in error.
*Haas, Dunaway, Shelfer & Haas, William S. Shelfer,* contra.

