## 29196. HARPER v. HARPER.

JORDAN, Justice.

This is an appeal from the denial of a motion for a new trial in a divorce case. In May, 1973, Louis Harper, appellee, filed a petition asking for divorce and custody of their two children on the grounds of cruel treatment. In her answer and cross appeal, appellant sought the same award on the same grounds. On June 26, 1973, pursuant to a temporary agreement the trial court ordered that the mother have custody of the children, and that the father pay alimony and support.

The case went to trial in May, 1974. After the evidence, and during his charge to the jury, the trial judge announced that custody of the children would be awarded to the husband-appellee. There were no exceptions to the charge. The jury granted a divorce to both parties, and made no award of alimony or support to appellant. Appellant made a motion for a new trial, and contended that the charge was erroneous, and that the court had no basis for awarding custody of the children to appellee after it had previously ordered custody to her.

1. Appellant contends that the charge by the court which included the award of custody amounted to an expression of opinion on behalf of the court concerning the veracity of appellant as a witness, and may have prejudiced the jury. Although no objection was made at the time, appellant contends this charge is reviewable

under Code Ann. § 70-207 (c) which states that "the appellate courts shall consider and review erroneous charges where there has been a substantial error in the charge which was harmful as a matter of law." Although there is some conflicting evidence as to the relative fault of the parties, the record clearly supports a factual determination that the marriage was irretrievably broken, and we cannot say as a matter of law under the facts of this case that the charge constituted substantial error as contemplated by Code Ann. § 70-207 (c).

However, under other facts and circumstances, an award of custody in the presence of the jury prior to their deliberation might well constitute substantial error. To avoid this possibility, we think that the better practice is to refrain from awarding custody until such time as the jury has retired for its deliberation or rendered its verdict.

2. Appellant argues that the temporary award of custody to her was conclusive as to the right of custody unless a change of condition affecting the interest and welfare of the children is shown. We disagree. "The temporary custody hearing does not decide any final issues between the parties. . . Because of the difference in its nature and purpose from an award of permanent custody, the temporary order is not governed by the same rules of law as the permanent custody." *Foster v. Foster,* 230 Ga. 658, 660 (198 SE2d 881); *Mathews v. Mathews,* 230 Ga. 779 (199 SE2d 179); *Graham v. Graham,* 219 Ga. 193 (132 SE2d 66).

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 11, 1974 — DECIDED NOVEMBER 18, 1974 — REHEARING DENIED NOVEMBER 26, 1974.

*Ken Stula,* for appellant.