## 51200. A. W. EASTER CONSTRUCTION COMPANY, INC. v. WHITE et al.

MARSHALL, Judge.

Dr. and Mrs. White brought suit for breach of contract and fraud against Easter Construction Co., Inc., on the grounds that a new house they bought from Easter was not of the high quality of workmanship as an agent for Easter had represented. The jury returned a verdict in favor of the Whites in the amount of $23,646 and $5,000 for attorney fees. Easter moved for a new trial asserting 14 grounds. Its appeal is from the denial of the motion and the grounds asserted therein, which are: (1) that the jury verdict was contrary to the law and against the weight of the evidence in that the amount awarded was excessive and the award for attorney fees was not authorized, (2) that certain motions for mistrial should have been granted because of expressions of opinion by the court during the trial, (3) that a closing remark of plaintiffs' counsel should have resulted in a mistrial, (4) that the court omitted certain necessary instructions from its charges to the jury, and (5) that the court expressed an opinion when it charged on the limit of damages plaintiffs could recover.

1. Appellant contends that the jury's verdict awarding $5,000 attorney fees to plaintiffs was erroneous. This contention is not that there was insufficient evidence to show "bad faith" on their part, but that the law does not authorize recovery for attorney fees in breach of warranty claims. The count on which the plaintiffs won their recovery was that the defendant, through an agent, made certain representations as to the quality of workmanship in the new house and that, if any defects were discovered after the purchase and reported to defendants within one year, they would be timely repaired. The count alleged further that the workmanship was not as represented, that numerous defects were reported and no bona fide effort was made by defendants to effect repairs.

Appellant cites no authority wherein attorney fees under Code § 20-1404 are not authorized for breach of contract and express warranty. Where the plaintiff produces some evidence of "bad faith" (the sufficiency of

which is not contested in this case) in breaching the contract, the recovery of attorney fees under Code § 20-1404 may be submitted to the jury as an additional element of damages for plaintiffs. See, *Mendel v. Leader,* 136 Ga. 442 (3) (71 SE 753); *Thibadeau Co. v. McMillan,* 132 Ga. App. 842 (12) (209 SE2d 236); *Shen v. Bruce,* 113 Ga. App. 483 (2) (148 SE2d 496). Cf., *Palmer v. Howse,* 133 Ga. App. 619, 621 (212 SE2d 2).

Appellant also contends that because the contract price of the house in June, 1972 ($65,000) was not less than its fair market value at the time of the trial, July, 1974 ($70,000), that plaintiffs have not shown they were damaged. Plaintiffs' prayer for damages was the difference between the value of the house in its defective condition and its value as represented by the defendants. The plaintiffs' evidence as to the damages consisted of the testimony of a construction expert that it would cost $23,646.50 in 1972 to correct the existing defects and bring the quality of construction up to the level as represented by the defendants.

" 'Where the defects in the house as constructed may be remedied at a reasonable expense, it would be proper, we think, to deduct from the contract price the sum which it would cost to complete it according to the requirements of the plans and specifications.' " *Wilson v. Black,* 114 Ga. App. 735, 738 (152 SE2d 755). "Proof of the cost of repairing a house because of faulty construction has been held illustrative of the difference in the value claimed as damages. *Spielberg v. McEntire,* 105 Ga. App. 545, 550 [125 SE2d 134]." *Mabry v. Henley,* 123 Ga. App. 561, 566 (181 SE2d 884). See also, *Windsor Forest, Inc. v. Rocker,* 115 Ga. App. 317 (2) (154 SE2d 627).

2. Another asserted error was the overruling of defendant's motion for mistrial based on a question asked by the trial judge of a witness for the plaintiff. The question seemed to have been for the defendant's benefit. But, assuming it to have been improper, it was withdrawn on objection from counsel and the jury was instructed to disregard it and the answer given. Appellant has not shown an abuse of discretion in the denial of this motion for mistrial.

3. Appellant also moved for a mistrial at the end of

plaintiffs' attorney's closing argument, on the ground that during the course of the argument plaintiffs' attorney asked the jurors to place themselves in the position of plaintiffs. The trial court denied the motion for mistrial and instructed the jury: ". . . I'm going to ask you to disregard that remark from [plaintiffs' attorney] and don't let it influence you one way or the other. . . It has no bearing on it . . . I feel that my asking you to disregard it and not put yourself in the position of the Whites, and consider it on those grounds as you find it from the evidence to be sufficient." Appellant contends that such instruction was insufficient to cure the prejudicial remark under Code § 81-1009 in that the trial judge did not *also rebuke* counsel for plaintiff.

While it is true that Code § 81-1009 does require both instruction to the jury *and* rebuke of counsel (see *Moorehead v. Counts,* 130 Ga. App. 453 (203 SE2d 553)), the Supreme Court has recently ruled that, "[t]hese are not necessarily independent actions. This court has held that where the instruction by the court to the jury to disregard the remarks was full, it in effect amounted to a rebuke of counsel. *Wells v. State,* 194 Ga. 70, 75 (20 SE2d 580); *Spell v. State,* 225 Ga. 705 (171 SE2d 285)." *Counts v. Moorehead,* 232 Ga. 220 (206 SE2d 40). See also *Smith v. Westbrook,* 133 Ga. App. 791 (2) (213 SE2d 51); *American Home Assur. Co. v. Stephens,* 121 Ga. App. 306 (3) (174 SE2d 186); *Doe v. Moss,* 120 Ga. App. 762, 767 (172 SE2d 321); *Newton v. Cohen-Walker-Bailie, Inc.,* 111 Ga. App. 753 (1) (143 SE2d 14).

4. Other enumerations pertaining to omissions and errors in certain instructions to the jury (Grounds 9, 10, 11, 12 and 14) were not objected to at trial. These enumerations present nothing for review as objections were not properly raised at the trial, and errors, if any, were not "substantial." Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078 (Code Ann. § 70-207). See, e. g., *Harper v. Harper,* 233 Ga. 253 (1) (210 SE2d 773); *Thibadeau Co. v. McMillan,* 132 Ga. App. 842 (3), supra; *Central of Ga. R. Co. v. Luther,* 128 Ga. App. 178 (1) (196 SE2d 149); *Newcomb v. Pattillo,* 119 Ga. App. 495 (3) (167 SE2d 665).

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

ARGUED OCTOBER 6, 1975 — DECIDED FEBRUARY 2, 1976.

*Fulcher, Hagler, Harper & Reed, William C. Reed,*
for appellant.
*Harris, Chance & McCracken, Kenneth R. Chance,*
for appellees.