53194. DORMINEY v. HARVILL MACHINE, INC.

Shulman, Judge.

Appellant, plaintiff below, brought suit against appellee for damages for personal injury sustained while operating a die casting machine manufactured by

appellee. This appeal is from a jury verdict and judgment for defendant-appellee.

1. In his first three enumerations of error, appellant contends the trial court erred in limiting the charge to the jury to a strict liability theory of recovery. The pleadings and evidence show that appellant was contending that the machine which injured him was defective in its design and manufacture and that appellee failed to warn of the dangers of operating the machine. These are all included within the theory of strict liability set down by our Supreme Court in *Center Chemical Co. v. Parzini,* 234 Ga. 868 (218 SE2d 580).

While there may be cases that require instructions on both strict liability and negligence (see 52 ALR3d 101), this is not one of them. Since all of appellant's contentions fit within the structure of strict liability law, a charge on negligence, under the facts of this case, would have added to the appellant's burden and may well have confused the jury. There was no error in failing to charge on negligence.

2. Appellant's fourth enumeration of error is that the court erred in permitting a defense witness to testify to the results of a survey conducted by a professional society of which he is a member. Appellant's objection to the testimony was based solely on the best evidence rule, contending that a written report of the findings would be the only admissible evidence on the point. The record reveals, however, that the testimony was elicited not to prove the contents of the report but to show how many machines are equipped with a particular safety device. An objection based on the best evidence rule is ineffective where the essential fact to be proved is neither the existence or content of a writing but the existence of an independent fact. *Peterson v. Lott,* 200 Ga. 390 (37 SE2d 358).

3. The appellant's requested charge on malfunction as a defect, building on an earlier charge based on strict liability, was inaccurate as a statement of law and refusal to give the charge to the jury was not error. *McKinney v. State,* 121 Ga. App. 815 (3) (175 SE2d 893).

4. The sixth enumeration of error, that the trial court erred by failing to charge the jury that failure of a manufacturer to warn of dangers inherent in operating

the machine could constitute a defect under the strict liability rule, is without merit because the record shows that the charge given included the proposition advanced by appellant. Refusal to charge in the exact language requested is not error where the court charged the principles of law involved. *Guaranty Life Ins. Co. v. Robinson,* 125 Ga. App. 269 (187 SE2d 535).

5. The enumeration of error complaining of the charge of the court on assumption of the risk presents no issue for review where, as the record here shows, no objection to the charge was raised in the trial court and the error, if any, was not substantial. *A. W. Easter Const. Co. v. White,* 137 Ga. App. 465 (224 SE2d 112).

6. In light of our decisions in the foregoing divisions of this opinion, there was no error in denying appellant's motion for new trial.

*Judgment affirmed. Quillian, P. J., and Stolz, J., concur.*

ARGUED JANUARY 11, 1977 — DECIDED FEBRUARY 8, 1977 — REHEARING DENIED MARCH 7, 1977 —

*Mills & Chasteen, Ben B. Mills, Jr.,* for appellant.
*Whelchel, Whelchel & Carlton, John M. Carlton, Jr.,* for appellee.

