## 60039. ROSE MILL HOMES, INC. v. MICHEL et al.

SOGNIER, Judge.

Appellant Rose Mill Homes, Inc. is in the business of building and selling homes. Appellee Michel purchased one of appellant's homes. Prior to entering into the sales contract, Michel inspected the house and saw nothing to indicate any problem with water in the basement. After the parties had signed the sales contract but prior to closing, Michel discovered that the basement flooded. Rose Mill informed Michel that vandals had entered the house and pulled the electrical plug to the sump pump. Rose Mill assured Michel that there was no problem with water in the basement and gave the buyer a 24-month guarantee that the basement would remain dry. Michel and his family closed and moved into the house based on the seller's guaranty. Within the guaranty period, the basement flooded and caused extensive damage to Michel's personal property. Michel complained to Rose Mill, who made several attempts to remedy the problem. Michel continued to have problems with water in the basement and ultimately brought suit against Rose Mill alleging negligence, breach of contract and fraud. The jury returned a verdict in favor of Michel for $7,000 actual damages, $15,000 punitive damages and $800 attorney fees. Rose Mill appeals.

1. Appellant contends that the trial court erred in allowing evidence of the cost of repair as the measure of damages, in allowing Michel to testify regarding the cost of repair, in failing to grant appellant's motion for directed verdict regarding damages, and in its charge to the jury on the measure of damages for breach of a building contract.

The proper measure of damages in a case such as this is the difference in the value of the house as delivered and the value it would have had if completed in accordance with the contract. *Allied Enterprises, Inc. v. Brooks,* 93 Ga. App. 832, 833 (93 SE2d 392) (1956); *Spielberg v. McEntire,* 105 Ga. App. 545, 548 (125 SE2d 134) (1962). Where the defects in the house as constructed may be remedied at a reasonable cost, it is proper to deduct from the contract price the sum which would be required to complete the house according to the contract. *Wilson v. Black,* 114 Ga. App. 735, 738 (152 SE2d 755) (1966); *A. W. Easter Constr. Co. v. White,* 137 Ga. App. 465 (224 SE2d 112) (1976). Proof of the cost of repair because of the defective construction is illustrative of the difference in value claimed as damages, and is more likely to represent the true damage suffered from the failure of the seller to complete his contract than would the opinion of an expert in real estate as to the difference in values, though such proof would also have been permissible. *Mabry v.*

*Henley,* 123 Ga. App. 561, 567 (181 SE2d 884) (1971); *A. W. Easter Constr. Co. v. White,* supra at 466.

There was evidence from Michel as to the cost involved in waterproofing his basement as well as evidence from Rose Mill, the builders. The trial court admitted Michel's testimony based on his prior experience in home carpentry and construction work. Whether or not a witness is allowed to testify as an expert is a question for the sound discretion of the trial court and such discretion, unless abused, will not be disturbed. *Rouse v. Fussell,* 106 Ga. App. 259 (126 SE2d 830) (1962); *Hogan v. Olivera,* 141 Ga. App. 399, 400 (233 SE2d 428) (1977). Although Michel's qualifications as an "expert" may be somewhat questionable, we find no abuse of discretion here. In addition, there was ample testimony elicited from Rose Mill's agent in charge of construction as to the cost of repair to submit the issue of actual damages to the jury. The trial court's charge was correct and adjusted to the evidence.

2. Appellant also contends there was insufficient evidence of fraud to submit the case to the jury. Rose Mill argues that Michel was aware there was a water problem after he entered the sales contract but prior to closing and at Michel's insistence, Rose Mill issued a guaranty of a dry basement; therefore, appellees' action is one sounding in contract rather than fraud. The evidence discloses that Michel was ignorant of any defect existing in the house at the time he entered into the contract of sale; that later Rose Mill's agent, after the contract was signed and upon inquiry, assured Michel that there was no problem with water in the basement; and that there had been a flood in the basement while the house was under construction but that it had been caused by vandals unplugging the sump pump. Prior to the closing, Rose Mill executed a guaranty that the basement would be dry. When appellees had continuing problems with flooding, Rose Mill attempted to alleviate the problem but never succeeded in solving it. There was additional evidence that the house was situated in a low area of ground, that there were cracks in the foundation, that water poured in through the basement door, and that the house was not waterproofed as Rose Mill had said. The jury, by agreement of counsel and without any accompaniment by the court or parties, viewed the premises.

The defective condition of the basement could only have been discovered by Michel by the exercise of diligence *after* it had rained. There was evidence that the seller was aware of water having come into the basement while the house was under construction, and Michel did not discover the defect until after he had entered into the sales contract. Under these circumstances, the jury was authorized to find suppression of facts concerning the defect in the house sufficient

to constitute fraud. *Wilhite v. Mays,* 239 Ga. 31, 32 (235 SE2d 532) (1977).

It is also evident that Michel relied upon Rose Mill's assurances in purchasing the home. Despite the claim that Michel knew there was some evidence of water in the basement, Rose Mill represented to him that it was not a problem and it would not happen again. Even if Rose Mill did not intend to deceive Michel, their assurances may be considered as a reckless representation of facts as true, and equivalent to actual knowledge of the faulty representation. Where, as here, the builder was more experienced than Michel in the construction of buildings and had assured appellee there was no water problem, the trial court did not err in submitting the case to the jury. Fraud is of itself subtle, and slight circumstances may be sufficient to carry conviction of its existence. Code Ann. § 37-706. There was evidence in this case sufficient to support the verdict, (*W. H. Mulherin Constr. Co. v. Betterton,* 135 Ga. App. 223 (217 SE2d 454) (1975); *Clark v. Aenchbacher,* 143 Ga. App. 282 (238 SE2d 442) (1977)), and the evidence did not demand a finding in favor of Rose Mill.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

ARGUED JUNE 2, 1980 — DECIDED SEPTEMBER 23, 1980.

*Robert A. Blackwood, III,* for appellant.
*Thomas J. McHugh,* for appellees.